JUSTICE McDONOUGH
delivered the Opinion of the Court.
This is an appeal from an order and entry of judgment of the First Judicial District Court, Lewis and Clark County, granting a motion to dismiss in favor of John M. Hutchinson and the Commissioner of Higher Education. We affirm.
We decide the following issues on appeal:
1. Did the District Court err in dismissing Farris’s cause of action for breach of the implied covenant of good faith and fair dealing;
2. Did the District Court err in dismissing the wrongful discharge *336 claim and the claim under the Wrongful Discharge from Employment Act of 1987; and
3. Did the District Court err in finding appellant had no entitlement to property under a written contract for a specified term when the contract is not renewed at the expiration of the term?
On April 10, 1989, Carol Farris was hired as a gender equity coordinator by the Commissioner of Higher Education for a federally mandated affirmative action program for the vocational technical education system in Montana. Farris alleged in her complaint that she received objective manifestations of job security when she was hired. Specifically, she contends that she was told the position was permanent, even though it was governed by a yearly term contract. Farris quit her job in Great Falls, sold her home and moved to Helena for the position.
Throughout the course of her employment, Farris signed three “professional employment contracts” prepared by the Montana University System. The contracts were term contracts, lasting one year. The contracts provided for non-renewal with adequate notice. The last contract was effective between July 1, 1990 and June 30, 1991. Pursuant to the contract, on February 5, 1991, the Commissioner notified Farris that her contract would not be renewed. No reason was provided for the non-renewal, nor was one required under the terms of the contract. Farris filed a complaint against the Commissioner of Higher Education and the Board of Regents. The District Court granted defendants’ motion to dismiss. This appeal followed.
In considering a Rule 12(b)(6) motion to dismiss, the allegations must be viewed in a light most favorable to the plaintiff, admitting and accepting as true all facts well-pleaded. Devoe v. Missoula County (1987), 226 Mont. 372, 374, 735 P.2d 1115, 1116; United States Nat’l Bank of Red Lodge v. DOR (1977), 175 Mont. 205, 207, 573 P.2d 188, 190. Further, a court should not dismiss a complaint for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Proto v. Missoula County (1988), 230 Mont. 351, 353, 749 P.2d 1094, 1095, quoting Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84; Marshall v. State (1992), [253 Mont. 28,] 830 P.2d 1250, 49 St.Rep. 336.
I
Did the District Court err in dismissing Farris’s cause of action for breach of the implied covenant of good faith and fair dealing?
It first should be noted Farris has not pled an action for fraud *337 and does not comply with Rule 9(b) of the Montana Rules of Civil Procedure. The District Court relying on Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, found that because the Commissioner did not breach the employment contract, there could be no breach of the implied covenant. Nordlund at 406, 738 P.2d at 1302. This characterization is not exactly correct. Under Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767, a breach of the underlying contract is not a prerequisite to a breach of the implied covenant of good faith and fair dealing.
Farris argues that if she can show objective manifestations of job security beyond the term contract, she may maintain a breach of the implied covenant of good faith and fair dealing. Farris relies on Dare v. Montana Petroleum Marketing (1984), 212 Mont. 274, 282, 687 P.2d 1015, 1020, for the proposition that an employer’s objective manifestations give the employee a reasonable belief that he or she has job security. Farris argues that Dare should apply to employment relationships not covered under the Wrongful Discharge From Employment Act (Act). Farris also argues that because the Commissioner viewed the contract as exempt from the Act, he was able to terminate her “at will,” and for this reason she is an at will employee.
Dare involved an at will employee with no written contract who was terminated from her job. The position she held was not covered by an employment handbook. We held that an employment handbook was not essential in a cause of action for breach of the implied covenant of good faith and fair dealing in an at will employment relationship. Dare at 283, 687 P.2d at 1020. Dare was decided in 1984 prior to the enactment of the Wrongful Discharge From Employment Act of 1987.
Farris essentially argues that Dare stands for the proposition that a violation of an employment handbook is not essential to maintaining an action for breach of the implied covenant in an at will situation. Therefore, even though the Commissioner did not breach his own employment regulations (which in Farris’s reasoning is likened to having no employment handbook) in effect at the time, this does not bar Farris’s claim. We do not disagree, but such analysis does not apply here.
On appeal, Farris argues that prior to being hired she was informed that the Commissioner viewed her position as a permanent position. Farris, upon accepting the position, sold her house in Great Falls and moved to Helena. Further, Farris contends she understood that the signing of the yearly “term” contracts was merely a formality.
*338 Even admitting and accepting the facts well-pleaded in favor of Farris, she cannot overcome the Parol Evidence Rule. Section 28-2-904, MCA, provides:
The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.
Here, the consideration of oral negotiations between the Commissioner and Farris prior to the signing of the contracts is barred by the Parol Evidence Rule. The term contracts embody the legal agreement between Farris and the defendant. Farris signed three term contracts each for one year. She was aware that upon adequate notice the contracts could be non-renewed. We do not accept her argument that the Commissioner’s adoption of the regulations allowed him to circumvent the Wrongful Discharge From Employment Act, thus terminating her “at will,” therefore mandating a “just cause” requirement.
As to the alleged representations made after the agreements were entered into, relative to job performance and terms, consideration of these would violate § 28-2-1602, MCA. An agreement made in writing cannot be altered except in writing or by an executed oral agreement, and not otherwise. This is the public policy of the State of Montana. Therefore, in suits of good faith and fair dealing relative to termination at the expiration of the term, the alleged implied covenant cannot be in direct contradiction of the written term contract. See § 28-2-1602, MCA. Also see Carma Developers (Cal. 1992), 826 P.2d 70, where the Supreme Court of the State of California recently stated how a covenant of good faith should be read as follows:
We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, as a general matter, implied terms should never be read to vary express terms. (Tanner v. Title Ins. & Trust Co. (1942) 20 Cal.2d 814, 824, 129 P.2d 383; see, Wal-Noon Corp. v. Hill (1975) 45 Cal.App.3d 605, 613, 119 Cal.Rptr. 646.) “The general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may, by express provisions of the contract, grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing.... [‘UlThis is in accord with the general *339 principle that, in interpreting a contract ‘an implication... should not be made when the contrary is indicated in clear and express words.’ 3 Corbin, Contracts, § 564, p. 298 (1960) .... fflAs to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct. And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach.” (VTR, Incorporated v. Goodyear Tire & Rubber Company (S.D.N.Y. 1969) 303 F.Supp. 773, 777-778.)
Carma 826 P.2d at 728.
We agree with the analysis in Carma. No obligation can be implied which would result in the obliteration of a right expressly given under a written contract. See Gerdlund v. Electric Dispensers International (1987), 190 Cal.App.3d 263, 235 Cal.Rptr. 279. The implied covenant applies to both employer and employee relative to a contract. See Barrett v. Asarco (1988), 234 Mont. 229, 763 P.2d 27. The right of workers to have a contract which is governed by Montana law and to have their express rights therein set forth and enforced, also cannot be obliterated by alleged contradictory objective manifestations supported by oral testimony.
Farris argues that Stark v. Circle K Corp. (1988), 230 Mont. 468, 751 P.2d 162, and Prout v. Sears, Roebuck and Co. (1989), 236 Mont. 152, 772 P.2d 288, apply here. In both cases the employee was an at-will employee and had signed written agreements that they could be terminated with or without cause. In Stark, the alleged reason for discharge was insubordination, and in Prout, for falsification of time sheets. Both discharges were stated to be for cause. In Stark we allowed the jury to decide whether the covenant of good faith and fair dealing was breached in view of all the evidence as to whether or not the employer had cause and had followed its own policies. In Prout we gave effect to the written agreements and said the employer could fire without cause under the agreements, but that if it asserted the termination was for cause, the employee must have an opportunity to prove that the cause stated was false; and among the issues there was a factual question of the falsity of the cause which precluded summary judgment.
The eventual determination of these factual issues in Stark and Prout did not and would not contradict the express wording of the respective agreements. The application of the implied covenant ad *340 dressed the interpretation of the words "with cause” and the discretion of the employer thereunder.
For the reasons stated above, we affirm the District Court on this issue.
II
Did the District Court err in dismissing the wrongful discharge claim and the claim under the Wrongful Discharge From Employment Act?
The District Court found that the language of the contract at issue was clear and unambiguous. Further it found that non-renewal was permissible under the contract. Additionally, the District Court found that the Commissioner followed the defendants’ personnel policies in effect at the time. Relying on Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, the District Court concluded the act of the Commissioner was not a wrongful discharge.
Farris argues that the personnel policies and regulations allowed the Commissioner to deprive her of the remedies available under the Wrongful Discharge From Employment Act. This is because the regulations and notice requirements allow the Commissioner to circumvent the just cause requirement under the Act. Section 39-2-901, MCA, et seq., contains Montana’s Wrongful Discharge From Employment Act. The purpose of the Act was to set out certain rights and remedies with respect to wrongful discharge. § 39-2-902, MCA. The Act was meant to preempt common law remedies. § 39-2-913, MCA. Section 39-2-904, MCA, provides in part:
A discharge is wrongful only if:
(2) the discharge was not for good cause ...
(3) the employer violated the express provisions of its own written personnel policy.
Farris argues that the Act imposed a just cause requirement on all employment relationships in place of common law remedies. Further, she argues that the Commissioner, by unilaterally adopting the regulation authorizing him, with adequate notice, not to renew a professional contract, violates the public policy of just cause under the Act. Farris relies on Portable Embryonics v. J. P. Genetics (1991), 248 Mont. 242, 810 P.2d 1197, for the proposition that the
Commissioner’s adoption of these regulations has an illegal effect because it violates public policy and is therefore unenforceable.
In Portable the defendants were performing bovine embryo trans *341 fers. They were without veterinary licenses in violation of Montana law. We held that due to the illegality, the entire contract was void. Portable at 245, 810 P.2d at 1199.
Here the Act itself excludes from the provisions of the Act the discharge of an employee covered under certain written agreements. Section 39-2-912, MCA, of the Act provides in part:
This part does not apply to a discharge:...
(2) of an employee covered by a written collective bargaining agreement or a written contract of employment for a specific term. (Emphasis added.)
The District Court found that the contract in question was a written contract for a specific term as contemplated under the Act. Therefore, the Act was not applicable. We agree with the District Court.
Farris also essentially argues that the Commissioner, by adopting regulations allowing him to hire employees under specific term contracts, can escape the just cause requirements imposed under the Act. The effect of this is to terminate an employee by simply not entering into a new contract. Nothing in our law forbids the parties here from entering into such a contract where the contract is exempted from the Act. We have previously upheld the discretionary rights of employers to non-renew specific term contracts without a showing of good cause. Leland v. Heywood (1982), 197 Mont. 491, 497-498, 643 P.2d 578, 581-582. In addition no other violations of public policy have been asserted which would give rise to a wrongful discharge claim.
For the reasons set forth above, we affirm the District Court on this issue.
Ill
Did the District Court err in finding appellant had no entitlement to property under a written contract for a specified term when the contract is not renewed at the expiration of the term?
Farris based her rights as to a property interest on the breach of the implied covenant of good faith and fair dealing and wrongful discharge and inasmuch as she failed on these issues, the question is moot.
For the reasons set forth in the opinion, we affirm the judgment of the District Court.
*342 CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY and WEBER concur.