No.    94-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1995**

ROBERT C. SCHAAL,

       Plaintiff and Appellant,

  -v-

FLATHEAD VALLEY COMMUNITY COLLEGE,
A COMMUNITY COLLEGE DISTRICT OF
FLATHEAD COUNTY, MONTANA,

       Defendant and Respondent.

FILED

AUG 28 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Benjamin W. Hilley, Bigfork,. Montana

       For Respondent:

          Jonathan B. Smith, Deputy Flathead County Attorney,
          Kalispell, Montana

                   Submitted on Briefs:    March 30, 1995

                           Decided: August 28, 1995

Filed:

_____
             Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the decision of the Eleventh Judicial District Court, Flathead County concluding Robert C. Schaal (Dr. Schaal) should take nothing by his Complaint, and that Flathead Valley Community College (FVCC) is entitled to judgment on all counts of that Complaint. We affirm.

Appellant, Dr. Schaal, states the issues as follows:

I. Did the District Court err in dismissing Dr. Schaal's claim that FVCC breached his employment contract?

II. Did the District Court err in dismissing Dr. Schaal's claim that FVCC breached the covenant of good faith and fair dealing?

III. Did the District Court err in dismissing Dr. Schaal's claim of violation of due process?

Dr. Schaal was hired by FVCC under a one-year employment contract in June of 1989. Dr. Schaal was similarly employed the following school year but without a formal contract. He was given a one-year employment contract for the 1991-92 school year. The contract contained a provision by which procedures and adopted policies of FVCC were incorporated into the contract. The contract did not contain any provisions for renewal upon expiration.

On June 4, 1992, Dr. Schaal was notified by the President of FVCC, Dr. Howard L. Fryett (President Fryett), that he would recommend to FVCC's Board of Trustees they not renew Dr. Schaal's contract for the academic year 1992-93. The Board of Trustees met on June 9, 1992, and voted as President Fryett recommended.

Dr. Schaal filed an amended complaint against FVCC on four

2

counts: (1) breach of contract; (2) wrongful discharge; (3) breach of the covenant of good faith and fair dealing; and, (4) violation of due process. FVCC filed an answer and a Motion for Summary Judgment. On April 12, 1993, the District Court granted FVCC's Motion for Summary Judgment on count (2) and denied the motion on the other counts.

The case came to a non-jury trial on May 5, 1994. At the close of Dr. Schaal's case, FVCC moved for judgment of dismissal on counts (1), (3) and (4). The District Court set forth four paragraphs of facts agreed to by both parties in the pretrial order and made four additional findings of fact and four conclusions of law. The District Court concluded that Dr. Schaal should take nothing by his Complaint and that FVCC was entitled to judgment on all four counts of the Complaint. Judgment to that effect was entered in favor of FVCC on May 18, 1994. Dr. Schaal appeals from that judgment setting forth the three above listed issues.

## 1.

Did the District Court err in dismissing Dr. Schaal's claim that FVCC breached his employment contract?

Dr. Schaal alleges he submitted a grievance to FVCC in the form of a letter to President Fryett in compliance with FVCC's policy for arbitration of grievances (Policy 930). Dr. Schaal claims his letter was an appropriate submission of grievance because Section 3 of Policy 930 provides a grievant may write his own grievance. Dr. Schaal argues, that because President Fryett did not respond in compliance with the policy, Dr. Schaal was

denied his right under contract to have his grievance arbitrated.

FVCC contends Dr. Schaal had no right under the contract to have his grievance arbitrated because he did not use the grievance form mandated by Policy 930, Section 4. FVCC submits that Section 3 of the policy relates only to whether an employee chooses to seek the assistance of the Personnel Office in submitting a grievance; it does not obviate the requirement that the grievance form must be used.

In addition, FVCC argues Dr. Schaal did not pursue his grievance to the next step of the grievance procedure. Policy 930 provides, after a grievance has been submitted to the President and not resolved, grievant may seek review of the President's decision by the Board Personnel Committee and then by the Board of Trustees. If the grievance is still not resolved, grievant may request binding arbitration. FVCC points out Dr. Schaal did not file a request seeking review of the President's decision by the Board Personnel Committee. Therefore, FVCC concludes the grievance was assumed resolved in accordance with FVCC's policies and there was no obligation to arbitrate.

The District Court found Dr. Schaal did not comply with the provisions of the grievance procedure in that he did not use the required form, he did not set forth all information required by the policy, and he did not take any action to move his request to successive steps of the grievance procedure. The court concluded, in light of Dr. Schaal's failure to comply with FVCC's grievance procedure, FVCC did not have an obligation to arbitrate the

4

nonrenewal and so there was no breach of policy.

Our standard of review of findings of fact by the District Court in a non-jury trial is set forth in Marriage of Brownell (1993), 263 Mont. 78, 81-82, 865 P.2d 307, 309, as follows:

> We review findings of fact by the district court to determine if they are "clearly erroneous." In re Marriage of Eschenbacher (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355. In Eschenbacher, we applied the three-part test adopted in Interstate Production Credit Association v. DeSaye (1991), 250 Mont. 320, 820 P.2d 1285. We will review the record to determine if the findings are supported by substantial evidence, and if there is substantial evidence, we next determine if the district court has misapprehended the effect of the evidence. Even if there is substantial evidence and a proper understanding of the evidence, we may yet declare a finding clearly erroneous when it is clear and definite that a mistake has been committed. See, Eschenbacher, 831 P.2d at 1355.
> We review conclusions of law to determine whether the district court's interpretation of the law was correct. In re Marriage of Burris (1993), 258 Mont. 265, 852 P.2d 616, 619, 50 St. Rep. 525, 526.

Dr. Schaal did not utilize the grievance form required by Policy 930 when he submitted his letter of grievance to President Fryett. Additionally, we note President Fryett's response to Dr. Schaal's letter of grievance made clear he would not suggest that Dr. Schaal be reinstated. If Dr. Schaal did not view his grievance as resolved at this point, he should have sought review by the members of the Board Personnel Committee in accordance with Policy 930, Section 5.1.4. Dr. Schaal did not seek such review.

We conclude the District Court's finding that Dr. Schaal did not comply with the provisions of the grievance procedure is supported by substantial evidence and the District Court did not misapprehend the effect of the evidence. We further conclude there

5

is nothing to indicate a mistake has been committed. We therefore conclude the District Court correctly applied the law when it ruled FVCC had no obligation to arbitrate the nonrenewal of Dr. Schaal's contract.

We hold the District Court did not err in dismissing Dr. Schaal's claim that FVCC breached his employment contract.

## II.

Did the District Court err in dismissing Dr. Schaal's claim that FVCC breached the covenant of good faith and fair dealing?

Dr. Schaal refers to this Court's decision in Haines Pipeline Construction, Inc. v. Montana Power Company (1991), 251 Mont. 422, 830 P.2d 1230, where we stated every contract contains an implied covenant of good faith and fair dealing and a breach of that covenant is a breach of the contract. Dr. Schaal argues FVCC's failure to follow its own policies is a violation of the covenant of good faith and fair dealing and thus a breach of the contract.

Dr. Schaal contends FVCC is under the supervision and coordination of the Board of Regents, § 20-15-103, MCA. The Board of Regents Policy Manual provides that employees employed for three years must be given six months written notice of intent not to renew their contracts. Dr. Schaal argues FVCC failed to follow this policy when it gave him only sixteen days notice that his contract would not be renewed. Dr. Schaal concludes FVCC's failure to follow its own policies was a breach of the contract's covenant of good faith and fair dealing.

In addition, Dr. Schaal claims he was a permanent employee

6

according to FVCC's policy. The policy provides probationary employees, those employed less than six months, may be discharged without cause. Dr. Schaal argues, because he had been employed for three years, far beyond the probationary period, he was a permanent employee with a reasonable expectation of continued employment. Dr. Schaal concludes that FVCC violated the covenant of good faith and fair dealing by not renewing his contract when he reasonably expected its renewal.

FVCC contends Dr. Schaal had never been a probationary employee nor a permanent employee. FVCC claims he was a contract employee and his contract had no renewal provisions. FVCC argues Dr. Schaal had no reasonable expectation of employment beyond the term of his contract. Therefore, FVCC did not breach the covenant of good faith and fair dealing by not renewing Dr. Schaal's contract.

Furthermore, FVCC argues the notice requirement of the Board of Regents Policy does not apply here because the Board's policies apply only to the Montana University System and FVCC is not a part of that system. Therefore, FVCC was not obligated to give Dr. Schaal notice of its intent to not renew his contract under that policy; and so, it did not violate the covenant of good faith and fair dealing.

In Talley v. Flathead Valley Community College (1993), 259 Mont. 479, 489, 857 P.2d 701, 707, we stated "the nature and extent of the obligation of good faith and fair dealing is measured by the justifiable expectations of the parties." Presently, the District

7

Court made the following finding of fact:

3.   .   . [Dr. Schaal] signed a one year administrative employment contract with a specific ending date of June 30, 1992. [FVCC]'s policy is incorporated into that contract by reference. However, [Dr. Schaal] has provided no evidence of a policy incorporated by reference into the contract that would give [Dr. Schaal] a reasonable expectation of continued employment after the expiration of that employment contract, and no evidence of any other basis for a reasonable expectation of continued employment after the expiration of that employment contract. [Dr. Schaal] was employed by [FVCC] through June 30, 1992, the term set forth in the Contract.

The record contains substantial evidence to support the District Court's finding of fact. We further conclude there is nothing in the record to indicate a mistake has been committed. Based on its findings, the District Court reached the following conclusion of law:

2.   [FVCC] did not violate policy or breach [Dr. Schaal's] employment contract when it determined that the contract would not be renewed. The nature and extent of the obligation of good faith and fair dealing is measured by justifiable expectation of the parties. Since there was no basis for a reasonable expectation of continued employment beyond the term of [Dr. Schaal's] contract, [FVCC] did not violate the covenant of good faith and fair dealing when it determined that [Dr. Schaal's] contract would not be renewed.

We agree.

We hold that the District Court did not err in dismissing Dr. Schaal's claim that FVCC breached the covenant of good faith and fair dealing

III.

Did the District Court err in dismissing Dr. Schaal's claim of violation of due process?

Dr. Schaal refers to this Court's decision, in Boreen v.

8

Christensen (1994), 267 Mont. 405, 884 P.2d 761, where we held a public employee, who can establish a property interest in employment, must be provided an opportunity to respond to the notice of the employee's termination prior to that termination. Dr. Schaal claims he had a property interest in his employment based on FVCC's personnel policies -- the Board of Regents Policy providing six months notice of nonrenewal and FVCC's policy regarding probationary versus permanent employees. Therefore, he claims FVCC violated Dr. Schaal's right to due process when it denied to him an opportunity to properly respond prior to his termination.

FVCC argues Dr. Schaal's right to due process was not violated because he did not have a property interest in his employment. FVCC cites to Board of Regents v. Roth (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561, where the Court stated:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . He must, instead, have a legitimate claim of entitlement to it.

FVCC contends, for the reasons stated in Issue II, Dr. Schaal had no reasonable expectation of continued employment; and, therefore, he had no property interest in his employment beyond his contract's termination date.

The District Court found no evidence of a policy which gave to Dr. Schaal a right of employment after the expiration of his employment contract. As a result, the District Court concluded that Dr. Schaal did not have a property right in his employment. The District Court held, since Dr. Schaal did not have a property

9

right in his employment beyond the term of the employment contract, FVCC did not deprive Dr. Schaal of property when it determined his employment contract would not be renewed.

We conclude there is substantial evidence to support the findings of fact of the District Court and we further conclude there is nothing to indicate a mistake has been committed. We agree with the District Court's conclusion that FVCC did not deprive Dr. Schaal of property when it determined it would not renew his contract.

We hold the District Court did not err in dismissing Dr. Schaal's claim of violation of due process.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10