No. 97-641

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 141N


RONALD J. ALLISON & MARTHA J. ALLISON
Plaintiffs/Appellants,

v.

The Unknown Heirs, Devisees, Assigns, and Creditors
of the City of Forsyth, Rosebud County Montana;
LARRY BURNS and LARRY'S SERVICE CENTER,
Baker, Montana; and all other persons, unknown,
claiming or who might claim any right, title, estate,
or interest in or lien upon the real and personal property
and property interests described in the Complaint
adverse to the Plaintiffs' ownership, or any cloud upon
Plaintiffs' title thereto, and sole ownership thereof,
whether such claim be present or contingent, including
any claim or possible claim of dower, inchoate, or accrued,
Defendants/Respondents.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald J. Allison, Forsyth, Montana (pro se)

For Respondent:

A. Lance Tonn, Miles City, Montana (City); Gary Ryder,
Hysham, Montana(Burns)


Submitted on Briefs: March 26, 1998
Decided: June 9, 1998
Filed:

_____

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.

¶2   Ronald  and Martha Allison (the Allisons), pro se, appeal from the order and entry of judgment of the Sixteenth Judicial District Court, Rosebud County, granting motions to dismiss in favor of the City of Forsyth (the City) and Larry Burns d/b/a Larry's Service Center (Burns) (collectively the Defendants).  We affirm.

¶3   This lawsuit concerns certain real and personal property once owned by the Allisons and later seized by the United States Internal Revenue Service (IRS) as the result of a dispute over unpaid federal taxes.  At a U.S. Marshall's sale, the IRS sold the real property to the City  and the personal property to Burns.  The Allisons filed a suit to quiet title to the real and personal property naming as defendants "The Unknown Heirs, Assigns, Devisees, and Creditors of the City of Forsyth", Larry Burns, and Larry's Service Shop.  The Allisons based their quiet title action on allegations that the IRS committed a number of illegal and/or inappropriate acts during the seizure and sale of their property; that the seizure and sale of their property was therefore wrongful; and that the Defendants were "receivers of stolen property."

¶4   The City and Burns filed motions to dismiss on the grounds that the United States was an indispensable party and that the Allisons had failed to state a claim upon which relief could be granted.  The City listed the additional ground that the Allisons failed to name the City as a defendant to the action. The District Court granted the Defendants' motions to dismiss, and the Allisons appealed.  The sole issue on appeal is whether the court erred in granting the Defendants' motions to dismiss.

¶5   Having reviewed the record, we determine that the District Court did not err in dismissing the Allisons' complaint.  First, the United States is an indispensable party to this case.  Although the complaint requests that the Defendants be divested of all right and title to the real and personal property and pay damages, the facts forming the basis of the complaint essentially boil down to wrongdoing on the part of the IRS.  An action for wrongful levy against the IRS must be brought in federal court.  See 26 U.S.C. §§ 7402, 7421, and 7422.  The Allisons' reliance on 28 U.S.C. § 2410 to establish jurisdiction in state court for IRS wrongdoing is misplaced.  Title 28, section 2410 of the United States Code provides that the United States may be named a party in any state court having jurisdiction over the subject matter to quiet title to real or personal property on which the United States has or claims a mortgage or other lien.  The Allisons' complaint does not name the United

States as a party and fails to allege that the United States currently has a mortgage or lien on the property in dispute. Thus, 28 U.S.C. § 2410 is inadequate to support the Allisons' claim of state court jurisdiction.

¶6 Second, the complaint fails to state a claim upon which relief may be granted.

> In considering a Rule 12(b)(6) motion to dismiss, the allegations must be viewed in a light most favorable to the plaintiff, admitting and accepting as true all facts well-pleaded. Further, a court should not dismiss a complaint for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or claim which would entitle him or her to relief.

Farris v. Hutchinson (1992), 254 Mont. 334, 336, 838 P.2d 374, 375.

> A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., only tests whether a claim has been adequately stated in the complaint. Therefore, the court's inquiry properly is limited to the content of the complaint.

Gebhardt v. D.A. Davidson & Co. (1983), 203 Mont. 384, 389, 661 P.2d 855, 857-58. Again, the facts forming the basis of the complaint essentially state a potential claim for relief against the IRS, not the Defendants. The Defendants were bonafide purchasers of real and personal property. The complaint lacks a statement of facts supporting the allegation that the Defendants are receivers of stolen property. Additionally, we note that the Allisons failed to identify the City as a party to the action, choosing instead to name only the City's heirs, assigns, devisees, and creditors. Having viewed the allegations in the light most favorable to the Allisons, and accepting the stated facts in their complaint as true, we conclude that the Allisons can prove no set of facts entitling them to relief against the City or Burns, and that dismissal of the complaint was proper.

¶7 Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART