No. 99-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 96

**299 Mont. 237**

**999 P. 2d 328**

DIANA J. SOLLE,

Plaintiff and Appellant,

v.

WESTERN STATES INSURANCE

AGENCY, INC., a Montana corporation,

Defendant and Respondent.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Powell,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cynthia K. Smith, Cederberg, Shott & Smith, Missoula, Montana

For Respondent:

Candace C. Fetscher, Lucy T. France, Garlington, Lohn & Robinson, Missoula, Montana

_____

Submitted on Briefs: July 29, 1999

Decided: April 13, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Diana J. Solle (Solle) appeals from an order of the District Court for the Third Judicial District, Powell County, granting the motion of Western States Insurance Agency, Inc., (WSIA) to compel arbitration. We affirm.

¶2 We address the following issues on appeal:

¶3 1. Whether Solle can maintain a claim for wrongful termination apart from either the Wrongful Discharge from Employment Act or the employment contract.

¶4 2. Whether Solle's claim for wrongful termination is subject to arbitration as provided in the employment contract.

## Factual and Procedural Background

¶5 Solle owned a private insurance agency in Deer Lodge. In December 1988, she sold that agency to WSIA and, the following month, she began working for them as a contract employee. Her contract was renewed each year until 1998.

¶6 Until 1997, Solle held the position of manager of the Deer Lodge and Dillon branches of WSIA. In 1997, along with her management of those two branches, she assumed the position of Branch Manager of the Missoula office. This new position was the subject of the employment contract at issue in this appeal. The contract was for the term beginning January 1, 1997, through December 31, 1997. It addressed the terms and conditions of Solle's employment with WSIA including her duties, WSIA's expectations of her, and the conditions for termination. In addition, the contract contained the following clause:

> **10. <u>Arbitration.</u>** Any unresolved dispute that may arise under the provisions of this Agreement shall be submitted to arbitration in accordance with the rules of the American Arbitration Association and the Uniform Arbitration Act, Sections 27-5-111, et. seq., MCA. The written determination of the arbitration shall be final, binding, and conclusive on the parties.

> After her contract expired on December 31, 1997, WSIA did not enter into another contract with Solle for 1998.

¶7 On October 8, 1998, Solle filed suit in the District Court alleging that WSIA violated its common law duty of good faith and fair dealing by failing to renew her employment contract when she had a reasonable expectation that such renewal would be offered to her. WSIA moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for an order compelling Solle to submit her claim to binding arbitration. Solle opposed the motion arguing that her claim did not "arise under" the employment contract and, therefore, was not subject to arbitration. The District Court granted WSIA's motion to compel arbitration and ordered the action stayed until completion of the arbitration. From this order Solle appeals.

## Standard of Review

¶8 A district court's order compelling arbitration is subject to *de novo* review. *Iwen v. U.S. West Direct*, 1999 MT 63, ¶ 17, 293 Mont. 512, ¶ 17, 977 P.2d 989, ¶ 17 (citing *Zolezzi v. Dean Witter Reynolds, Inc.* (9th Cir. 1986), 789 F.2d 1447). We review a district court's conclusions of law regarding arbitrability to determine whether they are correct. *Iwen*, ¶ 17 (citing *Ratchye v. Lucas*, 1998 MT 87, ¶ 14, 288 Mont. 345, ¶ 14, 957 P.2d 1128, ¶ 14).

## Issue 1.

¶9 *Whether Solle can maintain a claim for wrongful termination apart from either the*

*Wrongful Discharge from Employment Act or the employment contract.*

¶10 Solle, citing *Dare v. Montana Petroleum Mktg. Co.* (1984), 212 Mont. 274, 282, 687 P.2d 1015, 1020, argues that under Montana's common law of wrongful termination, an employer violates its duty of good faith and fair dealing by discharging an employee who had a reasonable expectation of continued employment. However, Solle fails to recognize that claims for wrongful termination from tort or express or implied contract are no longer viable under Montana law. *See Meech v. Hillhaven West, Inc.* (1989), 238 Mont. 21, 776 P.2d 488.

¶11 In 1987, three years after *Dare* was decided, the Montana Legislature enacted the Wrongful Discharge from Employment Act (WDEA) (Title 39, Chapter 2, Part 9 of the Montana Code Annotated) setting forth certain rights and remedies with respect to wrongful termination and providing "the exclusive remedy for a wrongful discharge from employment." Section 39-2-902, MCA. The WDEA explicitly preempts all common law remedies, providing that "no claim for discharge may arise from tort or express or implied contract." Section 39-2-913, MCA; *Kulm v. Montana State University - Bozeman* (1997), 285 Mont. 328, 331, 948 P.2d 243, 245.

¶12 In construing the WDEA, this Court has held that § 39-2-913, MCA, bars all claims arising from an asserted wrongful discharge based upon common law tort or implied or express contract. *Kneeland v. Luzenac America, Inc.,* 1998 MT 136, ¶ 27, 289 Mont. 201, ¶ 27, 961 P.2d 725, ¶ 27 (citing *Beasley v. Semitool, Inc.* (1993), 258 Mont. 258, 261-62, 853 P.2d 84, 86). Not all tort or contract claims arising from employment are barred by § 39-2-913, MCA, however. Section 39-2-913, MCA, bars only those tort and contract claims which are "for discharge." *Kneeland*, ¶ 27. Further, under the WDEA, there is no right under any legal theory to damages for wrongful termination for pain and suffering, emotional distress, compensatory damages, punitive damages, or any other form of damages, except as provided for in the Act. Section 39-2-905, MCA; *Kulm*, 285 Mont. at 331, 948 P.2d at 245.

¶13 A threshold determination in cases alleging wrongful termination is whether the parties' relationship is governed by a written contract for a specific term or whether it falls under the provisions of the WDEA. The WDEA specifically states that it does not apply to the discharge "of an employee covered by . . . a written contract of employment for a specific term." Section 39-2-912(2), MCA.

¶14 Solle does not dispute that her employment with WSIA was covered by a written contract of employment for a specific term. In fact, she argues that, because there was an employment contract in effect, her claim is not governed by the WDEA. Even so, Solle argues that the arbitration clause within her employment contract does not apply in her case. Solle cannot have it both ways. Either her employment was covered by an employment contract for a specific term--a contract containing an arbitration clause--or it was not, in which case the WDEA would apply.

¶15 This Court has determined that claims for breach of the implied covenant of good faith and fair dealing are "inextricably intertwined with and based upon [an individual's] termination from employment." *Kulm*, 285 Mont. at 333, 948 P.2d at 246. So too in the case before us on appeal, Solle's claims are inextricably intertwined with and based upon her termination from employment.

¶16 Although breach of a contract is not a prerequisite to breach of the implied covenant of good faith and fair dealing, the covenant of good faith and fair dealing arises out of a contractual relationship between the parties. *See Schaal v. Flathead Valley Community Coll.* (1995), 272 Mont. 443, 447, 901 P.2d 541, 543 ("every contract contains an implied covenant of good faith and fair dealing"); *Farris v. Hutchinson* (1992), 254 Mont. 334, 339, 838 P.2d 374, 377 ("[t]he implied covenant applies to both employer and employee relative to a contract"); *Story v. City of Bozeman* (1990), 242 Mont. 436, 450, 791 P.2d 767, 775 ("every contract, regardless of type, contains an implied covenant of good faith and fair dealing. A breach of the covenant is a breach of the contract. Thus, breach of an express contractual term is not a prerequisite to breach of the implied covenant.") This Court has expressly held that a contractual relationship is a prerequisite to an action for breach of the implied covenant of good faith and fair dealing. *Davey v. Nessan* (1992), 252 Mont. 397, 404, 830 P.2d 92, 96.

¶17 The gravamen of Solle's complaint is that she was terminated from her employment with WSIA in violation of WSIA's written policies and procedures. The employment contract contained the specific conditions under which WSIA was authorized to terminate Solle. The contract addressed the relationship between Solle and WSIA after termination of the contract. The contract set forth the term and expiration date of Solle's employment. The contract addressed the duties, services, professional standards and the extent of Solle's authority. As WSIA pointed out, much of the evidence and argument regarding wrongful termination will center on whether Solle satisfactorily achieved the terms of that contract.

¶18 The employment contract is silent as to whether there was an obligation on WSIA's part to renew the contract or on Solle's part to accept such an offer. Hence, Solle argues that WSIA's failure to include such a provision indicates its intent not to cover a claim like this under the arbitration clause. We disagree. In the Montana cases that have addressed wrongful termination claims arising out of an employer's failure to renew a written contract, this Court has treated the dispute as arising out of the employment contract. *See Schaal*, 272 Mont. at 448, 901 P.2d at 544; *Farris*, 254 Mont. at 338, 838 P.2d at 376.

¶19 Accordingly, we hold that Solle cannot maintain a claim for wrongful termination apart from either the WDEA or the employment contract.

## Issue 2.

¶20 *Whether Solle's claim for wrongful termination is subject to arbitration as provided in the employment contract.*

¶21 Contracts requiring arbitration of disputes are as enforceable in Montana as are any other contracts. Section 27-5-114, MCA. Furthermore, this Court has acknowledged the strong policy favoring arbitration. *Chor v. Piper, Jaffray & Hopwood, Inc.* (1993), 261 Mont. 143, 148, 862 P.2d 26, 29 (citations omitted). *See also Downey v. Christensen* (1992), 251 Mont. 386, 825 P.2d 557; *Vukasin v. D.A. Davidson & Co.* (1990), 241 Mont. 126, 785 P.2d 713; *Frates v. Edward D. Jones & Co.* (1988), 233 Mont. 377, 760 P.2d 748.

¶22 When a court is asked to compel arbitration of a dispute, the threshold inquiry should be whether the parties agreed to arbitrate. *Ratchye v. Lucas*, 1998 MT 87, ¶ 14, 288 Mont. 345, ¶ 14, 957 P.2d 1128, ¶ 14 (citing *Van Ness Townhouses v. Mar Industries Corp.* (9th Cir. 1988), 862 F.2d 754, 756). The rationale for such an inquiry comes from the fact that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Ratchye*, ¶ 14 (quoting *Tracer Research Corp. v. National Environmental Services Co.* (9th Cir. 1994), 42 F.3d 1292, 1294; *United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409).

¶23 Because an arbitration agreement is a contract, general rules of contract interpretation apply. *Frates*, 223 Mont. at 382, 760 P.2d at 752. Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Snap-On Tools Corp. v. Vetter* (D.Mont. 1993), 838 F.Supp. 468, 473 (quoting *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.* (1983), 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765).

¶24 Solle's 1997 employment contract with WSIA contained a provision that "[a]ny unresolved dispute that may arise under the provisions of this [contract] shall be submitted to arbitration . . . ." Solle contends that her claim does not "arise under" the employment contract and, therefore, is not subject to arbitration. She asserts that she did not bring a claim for violation of any of the terms of the employment contract, but rather, she brought a tort claim for failure to renew a contract that had been offered to her every year for the previous nine years.

¶25 WSIA, on the other hand, points out that the contract in question is substantially different than previous contracts entered into with Solle because this contract included management of the Missoula branch and contained different compensation and terms. WSIA argues that Solle's employment was governed entirely by this employment contract and her claim for wrongful termination, including the breach of the implied covenant of good faith and fair dealing, arises out of this contract. WSIA maintains that if the employment contract did not govern the relationship between the parties, Solle's claim would be subject to the WDEA, which Solle herself admits it is not. Consequently, WSIA argues that because Solle's claim for wrongful termination arises under the provisions of the employment contract and that contract contains a valid arbitration clause, her claims are subject to arbitration.

¶26 In an analogous case involving a collective bargaining agreement, the United States Supreme Court determined that an arbitration clause is enforceable even if the contract is terminated prior to the claim being made where the claim is based on events occurring prior to the termination of the contract. *Nolde Bros., Inc. v. Bakery & Confectionary Workers Union* (1977), 430 U.S. 243, 97 S.CT. 1067, 51 L.Ed.2d 300. The Supreme Court stated in *Nolde*:

> While the termination of the collective-bargaining agreement works an obvious change in the relationship between employer and union, it would have little impact on many of the considerations behind their decision to resolve their contractual differences through arbitration. The contracting parties' confidence in the arbitration process and an arbitrator's presumed special competence in matters concerning bargaining agreements does not terminate with the contract. Nor would their interest in obtaining a prompt and inexpensive resolution of their disputes by an expert tribunal. Hence, there is little reason to construe this contract to mean that the

parties intended their contractual duty to submit grievances and claims arising under the contract to terminate immediately on the termination of the contract; the alternative remedy of a lawsuit is the very remedy the arbitration clause was designed to avoid.

*Nolde*, 430 U.S. at 254, 97 S.Ct. at 1073, 51 L.Ed.2d 300.

¶27 "In short, where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication." *Nolde*, 430 U.S. at 255, 97 S.Ct. at 1074, 51 L.Ed.2d 300.

¶28 Likewise, in the case *sub judice*, the arbitration clause did not explicitly provide that it would govern issues concerning nonrenewal of the contract. Nevertheless, the contract governed Solle's employment, termination, and postemployment relationship and did not explicitly exclude disputes arising after the termination of the contract. Thus, as the Supreme Court stated in Nolde, "there is little reason to construe this contract to mean that the parties intended their contractual duty to submit grievances and claims arising under the contract to terminate immediately on the termination of the contract." *Nolde*, 430 U.S. at 254, 97 S.Ct. at 1073, 51 L.Ed.2d 300.

¶29 Accordingly, we hold that Solle's claim for wrongful termination is subject to arbitration as provided in the employment contract and the District Court did not err in so ordering.

¶20 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶31 I dissent from the majority's conclusion that the Plaintiff's complaint is subject to the arbitration provision in her contract of employment with the Defendant. I would reverse the order of the District Court compelling arbitration and remand to the District Court for resolution of the issues raised by the Plaintiff's complaint.

¶32 The majority's opinion is based on the faulty premise set forth in its paragraph 14 that Solle's claim must either be subject to the terms of the Wrongful Discharge from Employment Act or subject to the arbitration provision in her contract of employment. Contrary to the majority's conclusion, it is perfectly consistent for Solle's claim to be exempted from the WDEA and still not be subject to arbitration based on the plain language in the arbitration provision of her contract.

¶33 The WDEA at § 39-2-912(2), MCA, exempts all forms of employment "covered by . . . a written contract of employment for a specific term." In this case, no one disputes that Solle's employment was covered by a written contract for employment for a specific term and is therefore exempt from the terms of the WDEA.

¶34 However, just because Solle's employment was covered by a written contract for a specific term, does not mean that her claim against her former employer is subject to arbitration. The majority concedes that we have held in *Ratchye v. Lucas*, 1998 MT 87, ¶ 14, 288 Mont. 345, ¶ 14, 957 P.2d 1128, ¶ 14 that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

¶35 Based on the plain language of Solle's contract with Western States Insurance Agency, Inc., she did not agree to submit a dispute regarding Western States' refusal to renew her contract after it expired. The arbitration provision in her agreement is very specific. It provides in relevant part: "Any unresolved dispute that may arise *under the provisions of this agreement* shall be submitted to arbitration . . . ." (Emphasis added.)

¶36 Solle's claim is based on her allegation that Western States unreasonably and in bad faith refused to renew her contract. It is not based upon any allegation that Western States violated any provision of the agreement between the parties. There is no provision in the contract regarding renewal of the contract. Therefore, Solle's claim is clearly not covered by the plain language of the arbitration provision in her contract of employment.

¶37 Those authorities cited by the majority for the principle that breach of the covenant of

good faith and fair dealing, is in fact a breach of the contract, are not applicable. They relate to allegations of bad faith performance of the contract. Solle has made no allegation that this contract was performed in bad faith. Her only allegation relates to bad faith after termination of the contract.

¶38 Nor is *Nolde Brothers, Inc. v. Local No. 358* (1977), 430 U.S. 243, 97 S. Ct. 1067, 51 L. Ed. 2d 300, helpful to the majority. While the Supreme Court did hold in that case that an arbitration clause is enforceable after the termination of the contract, it was limited to claims based on events occurring prior to the termination of the contract. Solle's claim is not based on events that occurred prior to the termination of her contract, it is based only on her employer's refusal to renew the contract after it terminated.

¶39 Finally, neither *Schaal v. Flathead Valley Community College* (1995), 272 Mont. 443, 901 P.2d 541, nor *Ferris v. Hutchinson* (1992), 254 Mont. 334, 838 P.2d 374, are applicable to the facts in this case. *Schaal* dealt with a dispute arising from the terms of the employment contract. *Ferris* involved allegations that an employer had duties inconsistent with the express terms of the contract. Neither address whether liability for failure to renew is based on "the provisions of the agreement."

¶40 In my opinion, the issue in this case is really very simple. Solle's claim is not subject to the terms of the WDEA because her employment was based on a written contract for a specific term. Furthermore, her claim is not subject to arbitration pursuant to the plain language of that contract because it is not the type of claim to which the arbitration provision pertains.

¶41 For these reasons I dissent from the majority opinion. I would reverse the order of the District Court and remand for further proceedings in the District Court.

/S/ TERRY N. TRIEWEILER