JUSTICE TRIEWEILER
dissenting.
¶31 I dissent from the majority’s conclusion that the Plaintiff’s complaint is subject to the arbitration provision in her contract of employment with the Defendant. I would reverse the order of the District Court compelling arbitration and remand to the District Court for resolution of the issues raised by the Plaintiff’s complaint.
¶32 The majority’s opinion is based on the faulty premise set forth in its paragraph 14 that Solle’s claim must either be subject to the terms *245 of the Wrongful Discharge from Employment Act or subject to the arbitration provision in her contract of employment. Contrary to the majority’s conclusion, it is perfectly consistent for Solle’s claim to be exempted from the WDEA and still not be subject to arbitration based on the plain language in the arbitration provision of her contract.
¶33 The WDEA at § 39-2-912(2), MCA, exempts all forms of employment “covered by ... a written contract of employment for a specific term.” In this case, no one disputes that Solle’s employment was covered by a written contract for employment for a specific term and is therefore exempt from the terms of the WDEA.
¶34 However, just because Solle’s employment was covered by a written contract for a specific term, does not mean that her claim against her former employer is subject to arbitration. The majority concedes that we have held in Ratchye v. Lucas, 1998 MT 87, ¶ 14, 288 Mont. 345, ¶ 14, 957 P.2d 1128, ¶ 14 that “arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.”
¶35 Based on the plain language of Solle’s contract with Western States Insurance Agency, Inc., she did not agree to submit a dispute regarding Western States’ refusal to renew her contract after it expired. The arbitration provision in her agreement is very specific. It provides in relevant part: “Any unresolved dispute that may arise under the provisions of this agreement shall be submitted to arbitration ...” (Emphasis added.)
¶36 Solle’s claim is based on her allegation that Western States unreasonably and in bad faith refused to renew her contract. It is not based upon any allegation that Western States violated any provision of the agreement between the parties. There is no provision in the contract regarding renewal of the contract. Therefore, Solle’s claim is clearly not covered by the plain language of the arbitration provision in her contract of employment.
¶37 Those authorities cited by the majority for the principle that breach of the covenant of good faith and fair dealing, is in fact a breach of the contract, are not applicable. They relate to allegations of bad faith performance of the contract. Solle has made no allegation that this contract was performed in bad faith. Her only allegation relates to bad faith after termination of the contract.
¶38 Nor is Nolde Brothers, Inc. v. Local No. 358 (1977), 430 U.S. 243, 97 S. Ct. 1067, 51 L. Ed. 2d 300, helpful to the majority. While the Supreme Court did hold in that case that an arbitration clause is en *246 forceable after the termination of the contract, it was limited to claims based on events occurring prior to the termination of the contract. Solle’s claim is not based on events that occurred prior to the termination of her contract, it is based only on her employer’s refusal to renew the contract after it terminated.
¶39 Finally, neither Schaal v. Flathead Valley Community College (1995), 272 Mont. 443, 901 P.2d 541, nor Ferris v. Hutchinson (1992), 254 Mont. 334, 838 P.2d 374, are applicable to the facts in this case. Schaal dealt with a dispute arising from the terms of the employment contract. Ferris involved allegations that an employer had duties inconsistent with the express terms of the contract. Neither address whether liability for failure to renew is based on “the provisions of the agreement.”
¶40 In my opinion, the issue in this case is really very simple. Solle’s claim is not subject to the terms of the WDEA because her employment was based on a written contract for a specific term. Furthermore, her claim is not subject to arbitration pursuant to the plain language of that contract because it is not the type of claim to which the arbitration provision pertains.
¶41 For these reasons I dissent from the majority opinion. I would reverse the order of the District Court and remand for further proceedings in the District Court.