No. 00-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 343

303 Mont. 224

15 P. 3d 414

TED TOPOLSKI and BILL WALKER,

Plaintiffs and Appellants,

v..

HELENA ASSOCIATION OF REALTORS®,

INC., a Montana Nonprofit Corporation,

Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Jeffrey M. Sherlock, Judge Presiding

COUNSEL OF RECORD:

For Appellants:

John M. Shontz and William A. Squires, Squires & Shontz,

Helena, Montana

For Respondent:

Zane K. Sullivan and John K. Tabaracci, Sullivan & Tabaracci,

Missoula, Montana

Submitted on Briefs: June 15, 2000
Decided: December 19, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 This is an action to enjoin arbitration. Ruling that the parties are bound to arbitrate their dispute, the First Judicial District Court, Lewis and Clark County, granted summary judgment in favor of the Helena Association of REALTORS®, Inc. (Association). Ted Topolski and Bill Walker appeal. We affirm.

¶2 The issues are:

¶3 1. Whether § 27-5-114(3), MCA, prohibits an agreement to arbitrate disputes between a member of a trade or professional organization and a nonmember, and, if so, whether the statute is preempted by the Federal Arbitration Act.

¶4 2. Whether the terms of Topolski's and Walker's memberships in the Association require them to arbitrate with an individual who is not a member of the Association.

¶5 The Association is a voluntary trade organization of licensed real estate brokers and salespersons. In December of 1998, Clare Kendall submitted to the Association a form entitled "Request and Agreement to Arbitrate (Nonmember)." In signing the form, Kendall consented to arbitrate a dispute regarding a real estate transaction in which Ted Topolski and Bill Walker, both broker members of the Association, had acted as her agents.

¶6 Topolski and Walker objected to arbitration proceedings and refused to participate, stating that they had not entered into an agreement or contract with Kendall to arbitrate a

dispute with her. The Association disagreed, citing provisions in the REALTORS® Code of Ethics to which all Association members are subject. Faced with the real risk that the Association would proceed with arbitration regardless of their objections, Topolski and Walker filed this lawsuit to enjoin such action.

¶7 Both parties moved for summary judgment. The District Court found as a matter of law that Topolski and Walker were bound to proceed to arbitration and granted summary judgment to the Association.

## Standard of review and applicable legal authority

¶8 In reviewing a grant of summary judgment, this Court applies the same evaluation as does the district court, based upon Rule 56(c), M.R.Civ.P. Where, as here, the parties have agreed that no material facts are in dispute, the Court must determine whether the district court's conclusion of law-here, regarding arbitrability-is correct. *Iwen v. U.S. West Direct*, 1999 MT 63, ¶ 17, 293 Mont. 512, ¶ 17, 977 P.2d 989, ¶ 17.

¶9 The statute invoked in both issues here presented, § 27-5-114, MCA, was adopted in 1985 as part of the Uniform Arbitration Act, §§ 27-5-111 through -324, MCA. It provides:

> (1) A written agreement to submit an existing controversy to arbitration is valid and enforceable except upon grounds that exist at law or in equity for the revocation of a contract.

> (2) A written agreement to submit to arbitration any controversy arising between the parties after the agreement is made is valid and enforceable except upon grounds that exist at law or in equity for the revocation of a contract. Except as permitted under subsection (3), this subsection does not apply to:

> (a) claims arising out of personal injury, whether based on contract or tort;

> (b) any contract by an individual for the acquisition of real or personal property, services, or money or credit when the total consideration to be paid or furnished by the individual is $5,000 or less;

> (c) any agreement concerning or relating to insurance policies or annuity contracts except for those contracts between insurance companies; or

(d) claims for workers' compensation.

(3) A written agreement between members of a trade or professional organization to submit to arbitration any controversies arising between members of the trade or professional organization after the agreement is made is valid and enforceable except upon grounds that exist at law or in equity for the revocation of a contract.

Additionally, we have recognized that both federal and Montana policies favor arbitration. *See Holm-Sutherland Co., Inc. v. Town of Shelby*, 1999 MT 150, ¶¶ 9-10, 295 Mont. 65, ¶¶ 9-10, 982 P.2d 1053, ¶¶ 9-10.

## Issue 1

¶10 Does § 27-5-114(3), MCA, prohibit an agreement to arbitrate disputes between a member of a trade or professional organization and a nonmember, and, if so, is the statute preempted by the Federal Arbitration Act?

¶11 Topolski and Walker maintain that under § 27-5-114(3), MCA, a separate written agreement would be required in order to bind them to arbitrate with a person who, like Kendall, is not a member of the Association. In response, the Association has cited cases from other jurisdictions involving disputes between real estate brokers and salespeople in which, like here, the members had agreed with their associations to arbitrate particular kinds of disputes. However, this case, involving a dispute between Association members and a nonmember of the Association, does not correspond to the factual scenarios in the cases cited by the Association or, for that matter, the facts to which subsection (3) relates.

¶12 As the Association points out, though, § 27-5-114(3), MCA, does not limit agreements to arbitrate, "except upon grounds that exist at law or in equity for the revocation of a contract." The District Court also noted that subsection (3) does not restrict the allowance of pre-dispute agreements to arbitrate to members of trade or professional associations only. In the opinion of the District Court, the statute

> simply clarifies that members of trade and professional organizations can agree in advance to arbitrate future disputes. Nothing in the Montana Uniform Arbitration Act, Sections 27-5-111 to -324, MCA, prohibits the Helena Association of Realtors from requiring their members to arbitrate disputes that arise with non-members. This conforms with general state and federal policies favoring arbitration.

We agree with the reasoning of the District Court. We hold that § 27-5-114(3), MCA, does not prohibit an agreement to arbitrate disputes between a member of a trade or professional organization and a nonmember. For that reason, we need not address the question of whether the statute is preempted by the Federal Arbitration Act.

## Issue 2

¶13 Do the terms of Topolski's and Walker's memberships in the Association require them to arbitrate with an individual who is not a member of the Association?

¶14 Topolski and Walker point out, as they did before the District Court, that neither of them signed the Request and Agreement to Arbitrate which Kendall filed with the Association. They further state that neither of them has entered into any other contract or agreement with Kendall to arbitrate a dispute with her. They maintain that under § 27-5-114(1), MCA, there must be a written agreement to arbitrate, which requirement has not been satisfied.

¶15 Topolski and Walker point to the following language from our opinion in *Solle v. Western States Ins. Agency, Inc.*, 2000 MT 96, 299 Mont. 237, 999 P.2d 328:

> When a court is asked to compel arbitration of a dispute, the threshold inquiry should be whether the parties agreed to arbitrate. The rationale for such an inquiry comes from the fact that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

*Solle, at ¶ 22 (citations omitted). While Topolski and Walker concede that the Association's bylaws can create a contract between them and the Association, they do not agree that the contractual force of the bylaws can extend to one who is not a member of the Association.*

¶16 This Court has noted that the relationship between a member of a nonprofit corporation and that corporation is contractual in nature.

> It is a well established precedent that the bylaws of a corporation, together with the articles of incorporation, the statute under which it was incorporated, and the member's application, constitute a contract between the member and the corporation. When duly enacted, the bylaws are binding upon all members of the corporation or association who are presumed to know them and contract in reference

to them. 18 Am.Jur.2d, Corporation § 168. This contractual relationship through corporate bylaws extends itself into the areas of correlative rights and duties of individual union members with their general charter bylaws and individual cooperative members with their respective association charters. On becoming a member of a corporation or association and subscribing to its bylaws, one thereby agrees to submit to its rules and regulations.

*Appeal of Two Crow Ranch, Inc.* (1972), 159 Mont. 16, 23, 494 P.2d 915, 919.

¶17 In the present case, the District Court determined that the following provisions constituted Topolski's and Walker's agreement to arbitration:

1. Article V, Section 1(a) of the Association's bylaws provides that members will abide by the Code of Ethics of the National Association of Realtors, which includes "the obligation to arbitrate controversies arising out of real estate transactions as specified by the Code of Ethics."

2. Article 17 of the Code of Ethics, p. 12, provides in part: "In the event clients of REALTORS® wish to arbitrate contractual disputes arising out of real estate transactions, REALTORS® shall arbitrate those disputes in accordance with the regulation of their Board, provided the clients agree to be bound by the decision."

3. Part Ten, Section 44, p. 107, of the Arbitration Manual of the National Association of Realtors provides: "A client of a REALTOR® principal may invoke the arbitration facilities of the Board in a business dispute with a REALTOR® principal arising out of an agency relationship, provided the client agrees to be bound by the arbitration."

¶18 It is undisputed that Kendall was Topolski's and Walker's client in the underlying matter at issue. Under Article 17 of the Code of Ethics of the National Association of Realtors, Topolski and Walker agreed to arbitrate disputes brought by a client, arising out of an agency relationship, so long as the client agreed to be bound by the arbitration. Here, the client, Kendall has agreed to be bound by arbitration. In addition to being clearly set forth in Article 17, Topolski's and Walker's agreement to arbitrate with clients as a result of Association membership is also clearly referenced in the Association's bylaws, Article V, Section 1(a), and in the Code of Ethics and Arbitration Manual of the National Association of Realtors. By their voluntary memberships in the Association, Topolski and

Walker agreed to be bound by these provisions. We conclude that Topolski's and Walker's obligation to arbitrate this dispute could not be more clear.

¶19 We hold that the District Court was correct in dismissing this action because Topolski, Walker, and Kendall are bound to proceed to arbitration. The decision of the District Court is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER

Justice Terry N. Trieweiler dissenting.

¶20 I dissent from the majority opinion.

¶21 Section 27-5-114(1), MCA, provides that a written agreement to arbitrate is valid and enforceable. When read in combination with subparagraphs (2) and (3) of the same statute, I conclude that subparagraph (1) requires a written agreement between the parties to the controversy.

¶22 Subparagraph (2), which refers to agreements to submit to arbitration a controversy arising in the future, refers to agreements between the parties to the dispute. Subparagraph (3) makes clear that written agreements between members of a trade or professional organization to submit to arbitration are enforceable when the dispute arises between members of the trade or professional organization. Furthermore, all of the authorities cited by the Helena Association of Realtors, Inc., involve disputes among various realtors who are members of an association. None of the authorities presented by the association support the contention that a nonmember of the association can enforce arbitration against a member based on bylaws to which the member agreed. Neither does the majority cite any authority for that conclusion.

¶23 To interpret § 27-5-114(1), MCA, to require an agreement between the parties to the dispute is also consistent with our prior case law. *Solle v. Western States Ins. Agency, Inc.*, 2000 MT 96, 999 P.2d 328, 57 St. Rep. 391, which is cited in the majority opinion is a good example. The quoted language is worth repeating:

> When a court is asked to compel arbitration of a dispute, threshold inquiry should be *whether the parties agreed to arbitrate*. The rationale for such an inquiry comes from the fact that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.

*Solle, ¶ 22 (emphasis added.)*

¶24 In this case, the parties to the dispute have not agreed upon arbitration. The brokerage agreement entered into by Kendall and prepared by the Association of Realtors did not include an arbitration provision. In fact, there is no indication that Clare Kendall was ever aware of a procedure known as arbitration until after the dispute in this case arose. For that reason, I would conclude that neither Kendall nor the Helena Association of Realtors have met the threshold requirement of demonstrating that "the parties agreed to arbitrate."

¶25 Therefore, I would reverse the judgment of the District Court.

/S/ TERRY N. TRIEWEILER
