JUSTICE TRIEWEILER
dissenting.
¶20 I dissent from the majority opinion.
¶21 Section 27-5-114(1), MCA, provides that a written agreement to arbitrate is valid and enforceable. When read in combination with subparagraphs (2) and (3) of the same statute, I conclude that sub-paragraph (1) requires a written agreement between the parties to the controversy.
¶22 Subparagraph (2), which refers to agreements to submit to arbitration a controversy arising in the future, refers to agreements between the parties to the dispute. Subparagraph (3) makes clear that written agreements between members of a trade or professional organization to submit to arbitration are enforceable when the dispute arises between members of the trade or professional organization. Furthermore, all of the authorities cited by the Helena Association of Realtors, Inc., involve disputes among various realtors who are members of an association. None of the authorities presented by the association support the contention that a nonmember of the association can enforce arbitration against a member based on bylaws to which the member agreed. Neither does the majority cite any authority for that conclusion.
¶23 To interpret § 27-5-114(1), MCA, to require an agreement between the parties to the dispute is also consistent with our prior case law. Solle v. Western States Ins. Agency, Inc., 2000 MT 96, 999 P.2d 328, 57 St. Rep. 391, which is cited in the majority opinion is a good example. The quoted language is worth repeating:
When a court is asked to compel arbitration of a dispute, threshold inquiry should be whether the parties agreed to arbitrate. The rationale for such an inquiry comes from the fact that “arbitration is a *231 matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.
Solle, ¶ 22 (emphasis added.)
¶24 In this case, the parties to the dispute have not agreed upon arbitration. The brokerage agreement entered into by Kendall and prepared by the Association of Realtors did not include an arbitration provision. In fact, there is no indication that Clare Kendall was ever aware of a procedure known as arbitration until after the dispute in this case arose. For that reason, I would conclude that neither Kendall nor the Helena Association of Realtors have met the threshold requirement of demonstrating that “the parties agreed to arbitrate.”
¶25 Therefore, I would reverse the judgment of the District Court.