No. 13188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

U.S. MANUFACTURING AND
DISTRIBUTING CORPORATION,

        Plaintiff and Appellant,

-vs-

CITY OF GREAT FALLS,

        Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
        Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellant:

        E. F. Gianotti argued and Ralph Randono argued,
        Great Falls, Montana

    For Respondent:

        Larsen and Gliko, Great Falls, Montana
        David V. Gliko argued, Great Falls, Montana

---

          Submitted: February 4, 1976

          Decided:

Filed:

Thomas J. Keasney
                Clerk

Mr. Justice Castles delivered the Opinion of the Court.

The district court of the eighth judicial district, Cascade County, has declared a portion of Montana's recently amended obscenity law, sections 94-8-110 and 94-8-110.1, R.C.M. 1947, to be constitutionally infirm. In this appeal from that declaratory judgment we reverse the determination of the district court and uphold the obscenity law enacted by the Forty-fourth Legislature.

The constitutional issue here arose from a somewhat complicated procedural setting. U. S. Manufacturing and Distributing Corporation, hereinafter referred to as appellant, sought a temporary restraining order against respondent City of Great Falls. Appellant sought to enjoin the city from interference with its business operation through the enforcement of a recently enacted municipal ordinance on obscenity. The material portion of that ordinance, No. 1862, reads:

> "6-1-9: OBSCENE MATERIAL PROHIBITED: Sale and Distribution of Obscene Material --- It is unlawful to any person to knowingly send or cause to be sent, bring or cause to be brought into the City of Great Falls for sale or distribution or prepare, publish, print, exhibit, distribute or offer to distribute, or have in his possession with intent to distribute or to exhibit or offer to distribute any obscene material."

Respondent's answer denied the propriety of injunctive relief and moved the district court for a declaratory judgment to resolve the admitted conflict between the municipal ordinance and the state statute regulating obscenity. That statute provides in pertinent part:

> "94-8-110 Obscenity (1) A person commits the offense of obscenity when, with knowledge of the obscene nature thereof, he purposely or knowingly:
>
> "(a) Sells, delivers or provides, or offers or agrees to sell, deliver or provide any obscene writing, picture, record, or other representation or embodiment of the obscene to anyone under the age of eighteen (18); or

- 2 -

"(b) Presents or directs an obscene play, dance or other performance or participates in that portion thereof which makes it obscene to anyone under the age of eighteen (18); or

"(c) Publishes, exhibits, or otherwise makes available anything obscene to anyone under the age of eighteen (18), or

"(d) Performs an obscene act or otherwise presents an obscene exhibition of his body to anyone under the age of eighteen (18); or

"(e) Creates, buys, procures or possesses obscene matter or material with the purpose to disseminate it to anyone under the age of eighteen (18); or

"(f) Advertises or otherwise promotes the sale of obscene material or materials represented or held out by him to be obscene.

" * * *

"(5) No city or municipal ordinance may be adopted which is more restrictive as to obscenity than the provisions of this section and section 94-8-110.1."

Thus while the municipal ordinance and the state statute define obscene material in substantially the same terms, the city ordinance prohibits sale or distribution of such material to those over eighteen (18) years as well. We are not here concerned with the wisdom of either prohibition.

Appellant joined respondent's request for a declaratory judgment. Hearing was had. Subsequently the district court entered a declaratory judgment which stated in part:

"IT IS THEREFORE ORDERED that Senate Bill No. 250 [sections 94-8-110 and 94-8-110.1] enacted by the 44th Legislature of the State of Montana and made effective on April 14, 1975, is unconstitutional in part by effecting to restrict Cities and municipalities from enacting ordinances more restrictive than said State law and that Ordinance No. 1862, passed by the Commission of the City of Great Falls on May 6th, 1975, is valid."

Appellant raises these issues for review of that judgment by this Court:

1. Whether proper certification to this Court and notice to the Attorney General pursuant to Rule 38, Montana Rules of

Appellate Civil Procedure, was given?

2. Whether sections 94-8-110 and 94-8-110.1, R.C.M. 1947, as amended, are unconstitutional in view of rulings of the United States Supreme Court on obscenity?

3. Whether a municipal corporation has the power to enact a valid and binding ordinance relating to obscenity in excess of limits imposed on such ordinances by the state legislature?

Appellant's argument concerning compliance with Rule 38, M.R.App.Civ.P., is of little merit. In Grant v. Grant, ____ Mont. ____, 531 P.2d 1007, 32 St.Rep. 191, 193; Clontz v. Clontz, ____ Mont. ____, 531 P.2d 169, 32 St.Rep. 169, 172; and Gilbert v. Gilbert, ____ Mont. ____, 533 P.2d 1079, 32 St.Rep. 163, 165; this Court declined to rule on constitutional issues raised on appeal because certification to this Court and notification to the Attorney General had not been given pursuant to Rule 38. Requiring such notice to the state's chief legal officer is to enable him to appear in defense of the challenged legislative acts. In this matter certification to this Court and notice to the Attorney General were accomplished on November 19, 1975. Such notice provided ample opportunity for the Attorney General to prepare for the hearing held February 4, 1976. The spirit of the rule appears satisfied when such opportunity to prepare for the constitutional challenge is given. Accordingly, we reject the emphasis which appellant seeks to place on the immediacy of the notice required by Rule 38.

We next consider whether the statutes in question, sections 94-8-110 and 94-8-110.1, R.C.M. 1947, are constitutionally invalid when viewed in the light of recent United States Supreme Court obscenity decisions. In this regard, the district court made these conclusions of law:

- 4 -

"I. That the most recent United States Supreme
Court decisions rendered in the area of obscenity
provides for 'basic guidelines' to be applied in
the determination of 'obscene material', to-wit:
(a) whether the average person applying contempo-
rary community standards would find the work,
taken as a whole, appeals to the prurient interest
* * *. Miller v. California, 413 U.S. 15, 31,
37 L Ed 2d 419, 93 S.Ct. 2607.

"II. That the 'community standards' established
by the Supreme Court are local standards as opposed
to statewide standards.

"III. That the said State law attempts to establish
statewide standards by its limitation on the munici-
palities of the State of Montana from passing more
restrictive ordinances than the said State law and
is unconstitutional to that extent.

"IV. That Ordinance No. 1862 of the City of Great
Falls allows the local community to establish its
standard of obscenity for persons of all ages and
is therefore valid." (Emphasis added.)

With respect to the district court's conclusion of law

II which is basic to the constitutional issue in this matter,

we can find no basis in the law on obscenity as articulated by

the Supreme Court for such a limiting definition of "community

standards" as that arrived at by the district court. Further,

the district court has not related this limiting definition of

"community standards" to the Constitution which it claims is

violated by the state statutes.

Statewide standards for obscenity are constitutionally

permissible. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607,

37 L Ed 2d 419. The United States Supreme Court in Kaplan v.

California, 413 U.S. 115, 121, 93 S.Ct. 2680, 37 L Ed 2d 492, 498,

stated:

" * * * the Court today holds that the '"con-
temporary community standards of the state of
California"', as opposed to 'national standards,'
are constitutionally adequate to establish whether
a work is obscene. * * *" (Emphasis added.)

In United States v. 12 200-Ft. Reels, 413 U.S. 123, 129,

93 S.Ct. 2665, 37 L Ed 2d 500, 507, the Supreme Court said:

"As this case came to us on the District Court's

summary dismissal of the forfeiture action, no determination of the obscenity of the materials involved has been made. <u>We have today arrived at standards for testing the constitutionality of state legislation regulating obscenity.</u> See Miller v. California, 413 U.S. at 23, 25, 37 L Ed 2d at 431. * * *" (Emphasis added.)

Support for the broad definition of "community standards" is also found in an appeal of a recent federal criminal prosecution for obscenity. In United States v. Danley, 523 F.2d 369, 370, District Judge Russell E. Smith, stated:

"In judging the community standard, the court, dealing as it was with laws regulating the mails and interstate commerce, <u>properly considered the community as embracing more than the State of Oregon.</u> While under Miller v. California, supra, taken in conjunction with United States v. 12 200-Ft. Reels of Super 8 MM. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L Ed 2d 500 (1973), <u>it is permissible in federal prosecution to define the state as a community,</u> it is clear from Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L Ed 2d 590 (1974), <u>that consideration may be given to standards without the state.</u> United States v. Harding, 507 F.2d 294 (10th Cir. 1974), cert. denied, ____U.S.____, 95 S.Ct. 1437, 43 L Ed 2d 679 (1975); United States v. Miller, 505 F.2d 1247 (9th Cir. 1974)." (Emphasis added.)

The district court's conclusion No. II finds no support in the constitutional law on obscenity. A judgment based on an erroneous conclusion of the law cannot stand.

We next consider the third issue raised by this appeal--whether the municipal corporation has the power to regulate obscenity notwithstanding a legislative enactment which expressly preempts the field. Since there are no findings of fact nor conclusions of law suggesting that a municipal corporation has such an inherent power, that power cannot form a foundation for this judgment, or similarly an appeal from it. Granted though this judgment may suggest such inherent powers,/we view the judgment based on the district court's conclusions of law. See: Crncevich v. Georgetown Recreation Corporation, ____Mont.____, 541 P.2d 56, 32 St.Rep. 963, 969. In addition, the 1972 Montana Constitution contains a new provision on local government in Article XI,

Section 6, which states in part:

> "Self-government powers.  A local government
> unit adopting a self-government charter <u>may</u>
> <u>exercise any power not prohibited by this</u>
> <u>constitution, law, or charter</u>.  * * *"
> (Emphasis added.)

The city ordinance here which is admittedly in conflict with
the prohibition of section 94-8-110(5), R.C.M. 1947, cannot
stand in the face of such a constitutional provision.

The judgment of the district court is reversed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices