JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Lance McKinnon (McKinnon) appeals an order of the First Judicial District Court, Lewis and Clark County, dismissing his complaint for failure to state a claim and denying his constitutional challenge based on McKinnon’s failure to notify the Attorney General’s office. We reverse.
¶2 We review the following issues on appeal:
¶3 Did the District Court correctly dismiss McKinnon’s intentional injury claim for failure to state a claim ?
¶4 Did the District Court correctly apply M. R. Civ. P. 24(d) when it dismissed McKinnon’s constitutional challenge?
FACTUAL AND PROCEDURAL BACKGROUND
¶5 A railcar traumatically amputated both of McKinnon’s legs while he was working for Western Sugar Cooperative Corporation (Western Sugar) on February 15, 2005. McKinnon received workers’ compensation benefits for his injury.
¶6 McKinnon filed his original complaint on February 9, 2007, in which he sought to circumvent the exclusivity provision of the Workers’ Compensation Act. Section 39-71-411, MCA. McKinnon initially did not serve Western Sugar. McKinnon alleged in his complaint that Western Sugar had engaged in inherently dangerous, ultra-hazardous work practice and had violated its non-delegable duty to provide a safe workplace. McKinnon claimed that Western Sugar’s actions had proximately caused his injuries.
¶7 This Court issued its opinion in Brady v. PPL Montana, 2008 MT 177, 343 Mont. 405, 185 P.3d 330, after McKinnon had filed his complaint. Brady came to this Court with an incomplete factual record on a certified question pursuant to M. R. App. P. 44 from the U.S. Court of Appeals for the Ninth Circuit. We declined in Brady to address the constitutionality of the Workers Compensation exclusivity provision in a “factual vacuum.” Brady, ¶ 6.
¶8 McKinnon amended his complaint in light of Brady to include a constitutional challenge to § 39-71-413, MCA. McKinnon filed his first *122 amended complaint on July 18, 2008. McKinnon specifically alleged that Western Sugar’s conduct met the statutory exception to Workers’ Compensation exclusivity. McKinnon also argued that § 39-71-413, MCA, was unconstitutional both on its face and as applied to him.
¶9 McKinnon timely served Western Sugar on September 12, 2008. Western Sugar filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on October 1,2008. McKinnon served the Attorney General with a copy of his first amended complaint on October 7, 2008. The Attorney General acknowledged receipt of service on October 10, 2008. The Attorney General did not file a motion to intervene.
¶10 The District Court granted Western Sugar’s motion to dismiss on all counts following oral argument. The court specifically found that McKinnon’s claims did not fit within the statutory exception to Workers’ Compensation exclusivity. The court also dismissed with prejudice McKinnon’s constitutional challenges for failing to provide the Attorney General with notice at the time that he had filed his first amended complaint and before he had served Western Sugar.
¶11 McKinnon filed a notice of appeal on June 4, 2009. McKinnon notified the Attorney General of his appeal on the same date. The Attorney General filed notice of its intent to intervene on June 29, 2009. Western Sugar moved to dismiss McKinnon’s substantive constitutional challenges. This Court granted Western Sugar’s motion to the extent that the appeal would be limited to the procedural issue of whether the District Court correctly interpreted M. R. Civ. P. 24(d). McKinnon concurred. The Attorney General withdrew its notice of intervention.
STANDARD OF REVIEW
¶12 We construe a complaint in the light most favorable to the plaintiffs when reviewing an order dismissing a complaint under M. R. Civ. P. 12(b)(6). Jones v. Mont. Univ. Sys., 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247. A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Jones, ¶ 15. A district court’s determination that a complaint failed to state a claim presents a conclusion of law. Jones, ¶ 15. We review for correctness a district court’s conclusions of law. Jones, ¶ 15.
DISCUSSION
¶13 Did the District Court correctly dismiss McKinnon’s intentional injury claim for failure to state a claim?
*123 ¶14 The District Court determined that McKinnon had failed to state a claim under the exception to the Workers’ Compensation exclusivity provision set forth at § 39-71-413, MCA. The court agreed with Western Sugar that McKinnon had alleged no injury caused by “an intentional and deliberate act” on the part of Western Sugar. Section 39-71-413, MCA. The District Court found that McKinnon had set forth merely a series of allegations that Western Sugar had failed to ensure a safe workplace. The court determined that “without using the word negligence, McKinnon has alleged a negligence claim against Western Sugar.” The court further determined that McKinnon had failed to state a claim under § 39-71-413, MCA, in light of McKinnon’s failure to allege “an intentional and deliberate act” on the part of Western Sugar.
¶15 Western Sugar argues that Wise v. CNH Am., LLC, 2006 MT 194, 333 Mont. 181, 142 P.3d 774, provides the standard for dismissal in McKinnon’s case. We held in Wise that the plaintiffs failure to allege anything more than ordinary negligence proved insufficient to satisfy the requirements of § 39-71-413, MCA. We rejected Wise’s arguments that he needed to allege only actions that would have constituted “intentional and malicious” conduct in order to satisfy the statutory requirement. Wise, ¶ 9. We noted that the 2001 amendment to § 39-71-413, MCA, specifically had replaced “malicious” with “deliberate.” Wise, ¶ 11; § 39-71-413, MCA. The legislature also had defined an “intentional injury” as one “caused by a deliberate act with the specific intent of causing an injury.” Wise, ¶ 11; § 39-71-413(3), MCA. We concluded in Wise that following the amendment of § 39-71-413, MCA, “an employee now must allege that he or she has been intentionally injured by the intentional act of an employer or fellow employee in order to avoid the exclusivity provision of the Workers’ Compensation Act.” Wise, ¶ 11.
¶16 Wise had alleged only that his employer negligently failed to provide safe working conditions and negligently failed to comply with state and federal regulations. Wise, ¶ 12. Wise made no allegation that the employer had acted intentionally or deliberately. Wise, ¶ 12. Wise claimed merely that the specific allegations of negligence in his claim satisfied the pleading requirement by constituting “intentional and deliberate” conduct on the part of his employer. Wise, ¶ 12. Wise never made the connection of how the alleged negligence constituted intentional and deliberate conduct on the part of his employer. McKinnon’s claim, by contrast, alleges specific intentional and deliberate acts on the part of Western Sugar. McKinnon claims that Western Sugar’s conduct constituted an “intentional and deliberate act *124 of engaging in an ongoing policy and practice of moving railcars in an uncontrolled manner, without necessary safety equipment.”
¶17 McKinnon asserts that his claim sufficiently alleged an intentional act to survive scrutiny under M. R. Civ. P. 12(b)(6). McKinnon claims that he was not allowed to develop the record through discovery sufficiently to establish the facts necessary to prove his claims. A complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” M. R. Civ. P. 8(a). Our cases reflect the principle that liberal rules of pleading allow for compliance with the spirit and intent of the law rather than a rigid adherence to formula or specific words. See R.H. Schwartz Constr. Specialties v. Hanrahan, 207 Mont. 105, 672 P.2d 1116 (1983). This Court also has determined that further discovery may constitute an appropriate remedy for lack of specificity in a complaint. Willson v. Taylor, 194 Mont. 123, 128, 634 P.2d 1180, 1183 (1981). This determination reflects the principle that “ ‘[t]his Court does not favor the short circuiting of litigation at the initial pleading stage unless a complaint does not state a cause of action under any set of facts.’ ” Willson, 194 Mont. at 128, 634 P.2d at 1183 (quoting Tobacco River Lbr. Co. v. Yoppe, 176 Mont. 267, 271, 577 P.2d 855, 857 (1978)).
¶18 McKinnon specifically alleges that Western Sugar’s conduct fit within the exception to Workers’ Compensation exclusivity at § 39-71-413, MCA. McKinnon further alleges that Western Sugar’s conduct in regularly moving railcars in an uncontrolled manner without proper safety equipment was intentional and deliberate. McKinnon points out that Western Sugar relies primarily on this Court’s interpretation of the pre-2001 statutory provision. McKinnon asserts that our holding in Brady indicates that the 2001 amendment to § 39-71-413, MCA, has yet to be interpreted comprehensively by this Court.
¶19 Wise requires that a plaintiff allege facts sufficient to establish deliberate acts by the employer intended to cause injury to the employee. Wise, ¶ 11. McKinnon alleges that Western Sugar’s practice of moving railcars without proper safety procedures or equipment constituted deliberate conduct. McKinnon further alleges that his severe injury was a certain outcome of this practice. Thus, McKinnon claims that his injury represents the intended outcome of Western Sugar’s deliberate acts.
¶20 McKinnon’s appeal presents the initial question of whether his complaint alleges conduct sufficient to establish intentional and deliberate conduct that would satisfy the exception to the exclusivity provision of the Workers’ Compensation Act. The Dissent characterizes McKinnon’s pleading as a negligence claim masquerading as an *125 allegation of intentional injury. This argument attenuates the basic principles underlying the concept of notice pleading and denies McKinnon the opportunity to develop the record through discovery. We cannot say beyond doubt that McKinnon can prove no set of facts in support of his claim that would entitle him to relief under these circumstances. Jones, ¶ 15. At a minimum, the District Court should have afforded McKinnon the opportunity to develop the record through discovery to attempt to show intentional and deliberate action on the part of Western Sugar. Willson, 194 Mont. at 128, 634 P.2d at 1183. McKinnon’s claim may fail at the summary judgment stage if he fails through further discovery to establish sufficient evidence to support his allegations.
¶21 Did the District Court correctly apply M. R. Civ. P. 24(d) when it dismissed McKinnon’s constitutional challenge?
¶22 The District Court concluded that McKinnon had failed to provide the Attorney General notice of his constitutional challenge at the time that he filed his first amended complaint in compliance with M. R. Civ. P. 24(d). Rule 24(d) requires a party raising a constitutional issue where the State is not a party to notify the Attorney General “contemporaneously with the filing of the pleading or other document in which the constitutional issue is raised.” M. R. Civ. P. 24(d).
¶23 McKinnon filed his first amended complaint on July 18,2008. He served the complaint on Western Sugar on September 11, 2008. McKinnon served and notified the Attorney General on October 7, 2008. The Attorney General’s office acknowledged notice of the complaint on October 10, 2008. The Attorney General did not appear or seek to intervene before the District Court’s May 7, 2009, order granting Western Sugar’s motion to dismiss.
¶24 McKinnon claims that the District Court incorrectly dismissed with prejudice his constitutional challenges. McKinnon argues that no authority exists on which to predicate such a dismissal, especially in light of the fact that the Attorney General had acknowledged proper notification and had chosen not to intervene within the 20 day window allowed by Rule 24(d).
¶25 We previously have not had occasion to apply Rule 24(d). The District Court accepted Western Sugar’s argument that it should apply our precedent under former M. R. App. P. 38. Rule 38, like M. R. Civ. P. 24(d), required a party challenging the constitutionality of a statute to file notice with the Attorney General “contemporaneously with the filing of the notice of appeal or with the filing of an original proceeding in the supreme court.” M. R. App. P. 38 (1999).
¶26 We determined in Russell v. Masonic Home of Mont., Inc., 2006 *126 MT 286, 334 Mont. 351, 147 P.3d 216, that the appellant’s failure to serve timely notice on the Attorney General for more than three months after filing a notice of appeal was a failure to “procedurally comply with an essential condition precedent, thus precluding this court from reaching the constitutional challenge.” Russell, ¶ 20. McKinnon’s case is distinguishable from Russell, notwithstanding the Dissent’s arguments to the contrary.
¶27 Russell filed her notice of constitutional challenge with the Attorney General the same week that she filed her opening brief on appeal. Russell had neglected to file notice with the Attorney General under M. R. Civ. P. 24(d) in District Court. Russell’s dilatory filing under M. R. App. P. 38 failed to provide the Attorney General with a meaningful opportunity to respond to the constitutional challenge. McKinnon filed his notice of constitutional challenge shortly after he served his amended complaint on Western Sugar. Neither party had engaged in discovery, filed any motions, or otherwise engaged in pretrial litigation by the time that McKinnon had notified the Attorney General of his constitutional challenge.
¶28 Requiring McKinnon to have served the Attorney General before serving the opposing party or developing his case through discovery does not further the purpose of M. R. Civ. P. 24(d). The Rule intends to allow the Attorney General to intervene in a case where a party challenges the constitutionality of a statute. The Rule served its purpose here. The Attorney General could have intervened had it chosen to do so. The fact that no prejudice accrued to the Attorney General from McKinnon’s allegedly late notice further illustrates that the purpose and spirit of the rule were not violated. The Dissent would have us apply the rule without regard to its intended purpose. This approach ignores the fact that “this Court has refused to abide by such a strict, formalistic approach to statutory interpretation and ha[s] readily applied the maxim ‘The law respects form less than substance.’” McKirdy v. Vielleux, 2000 MT 264, ¶ 35, 302 MT 18, 19 P.3d 207 (quoting § 1-3-219, MCA).
¶29 McKinnon also argues that this Court held that substantial compliance with M. R. App. P. 38 proved sufficient where such compliance allowed the Attorney General an opportunity to respond to the constitutional challenge. See U.S. Mfg. & Distrib. Corp. v. Great Falls, 169 Mont. 298, 302, 546 P.2d 522, 524-25 (1976). We must agree with McKinnon based on the fact that the Attorney General acknowledged proper receipt of notice. M. R. Civ. P. 24(d) seeks to ensure that the Attorney General will have the chance to appear in the district court to defend the constitutionality of a statute in a case in *127 which the State is not a party. Nothing prevented the Attorney General from participating in the litigation. The Attorney General’s office acknowledged timely notice and declined to exercise its statutory right to intervene within 20 days.
¶30 We cannot determine that McKinnon’s notice constituted a failure of a “condition precedent” as had been the case in Russell. McKinnon complied with the spirit of the rule and no prejudice accrued to the Attorney General due to his allegedly late compliance. Our rules of civil procedure “place the spirit of the law above strict compliance with the letter of the law.” State Medical Oxygen & Supply v. American Medical Oxygen Co., 230 Mont. 456, 462, 750 P.2d 1085, 1089 (1988).
¶31 Reversed.
JUSTICES LEAPHART, COTTER and NELSON concur.