JUSTICE RICE,
concurring in part and dissenting in part.
¶59 I concur with the Court on Issue 1 and with affirming the claims in favor of Cogswell under Issue 2. However, I would likewise affirm the entry of summary judgment on the remaining claim and thus dissent from that portion of Issue 2.[1] I would thus not address the agency relationship between Cogswell and Safeco under Issue 3.
¶60 I part ways with the Court’s conclusion that because Cogswell has *436 not produced testimony from Jennifer Webster, summary judgment is inappropriate. Opinion, ¶ 33. The Court states that, because Cogswell is the moving party, it “bore the heavy burden of demonstrating, in a manner sufficient to exclude any real doubt, that the Monroes did not request higher policy limits than they received.” Opinion, ¶ 32. While this may be true in a general sense, the Court overplays the principle and, I believe, distorts the law of summary judgment. To satisfy its burden as movant, Cogswell needed only to demonstrate that Monroes had provided no evidence that they had actually requested higher policy limits and thus failed to carry their burden to support their claim with evidence, a burden the Court overlooks.
¶61 In Grenz v. Prezeau, 244 Mont. 419, 420, 426, 798 P.2d 112, 112-13, 116 (1990), we affirmed the entry of summary judgment in favor of the lawyer-defendant, recognizing that, while the client-claimant bore the burden of persuasion to support his claim, “no facts” supported the allegations. We thus concluded that “[a]s a matter of law, Prezeau is entitled to summary judgment because of the absence of facts indicating that he negligently handled Grenz’s legal affairs.” Grenz, 244 Mont. at 426, 798 P.2d at 116 (emphasis added).
¶62 This is a common principle of summary judgment recognized by commentators and other courts. James Wm. Moore, Moore’s Federal Practice vol. 11, § 56.13 (3d ed., Mathew Bender Supp. 2010) explains:
In addition to these basic procedural burdens (always imposed on the movant if summary judgment is to be granted) and counterburdens (imposed on the nonmovant when movant satisfies its initial burden), the burden of persuasion applicable to the substantive claims of the case also plays a role in summary judgment practice. For example,... if the movant is defending the claim at issue, the initial summary judgment burden is satisfied if the movant establishes that the claimant lacks adequate proof of an essential element of the claim. Similarly, the substantive trial burden affects the nonmovant’s procedural burdens.... [I]fthe nonmovant is a claimant, its response burden requires it to submit more substantial material that would support a judgment in its favor after a trial at which nonmovant bore the burden of persuasion.
(Emphasis added.) See also Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure vol. 10A, § 2727 (3d ed., West 1998). The U.S. Supreme Court has explained:
In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to *437 establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial. In such a situation, there can be “no genuine issue as to any material fact,” since a complete failure of proof concerning an essential element of the nonmoving party’s case necessarily renders all other facts immaterial. The moving party is “entitled to a judgment as a matter of law” because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986) (emphasis added); see also Lujan v. Natl. Wildlife Fedn., 497 U.S. 871, 884, 110 S. Ct. 3177, 3186 (1990); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Thomson v. Idaho Ins. Agency, Inc., 887 P.2d 1034, 1037-38 (Idaho 1994); Klose v. N.D., 752 N.W.2d 192, 197 (N.D. 2008); Franks v. Olson, 975 P.2d 588,593 (Wyo. 1999); Torrealba v. Kesmetis, 178 P.3d 716, 720 (Nev. 2008); Howell v. Spokane & Inland Empire Blood Bank, 818 P.2d 1056, 1059 (Wash. 1991).
¶63 Thus, it is inconsequential that Cogswell produced no statement from Jennifer Webster. Cogswell satisfied its initial summary judgment burden by demonstrating the absence of any evidence in support of Monroes’ claim that they had requested Cogswell to obtain higher liability limits. Cogswell outlined that the Monroes’ daughter, Robin, had submitted an affidavit stating she had called Cogswell to set up a meeting, but had no other involvement; Eleanor Monroe could not recall any conversations with Cogswell because “[a]ll she ever did was pay them”; and, finally, Hugh Monroe had passed away December 5,2006, without testifying as to his conversations with Cogswell. Thus, Cogswell demonstrated that the Monroes had failed to provide factual support for their alleged request of higher limits. The burden then shifted to the Monroes to “present substantial evidence, as opposed to mere denial, speculation, or conclusory statements, raising a genuine issue of material fact.” Peterson v. Eichhorn, 2008 MT 250, ¶ 13, 344 Mont. 540, 189 P.3d 615. Monroes might well have satisfied their burden by presenting an affidavit from Jennifer Webster or other individuals supporting their claim that they asked for higher limits, but they did not do so. Cogswell is thus entitled to summary judgment. Although the Court admits “that a complete failure of proof’ by Monroes would entitle Cogswell to summary judgment, Opinion, ¶ 34 (emphasis in original), it fails to acknowledge that such failure of proof by the Monroes exists here.
¶64 Correctly applying this summary judgment principle becomes all the more important in light of recent cases. Recently, the Court *438 reversed a district court’s dismissal of a case on the pleadings, explaining that the plaintiff should be given the opportunity to prove his case until the point of summary judgment:
We cannot say beyond doubt that McKinnon can prove no set of facts in support of his claim that would entitle him to relief under these circumstances. At a minimum, the District Court should have afforded McKinnon the opportunity to develop the record through discovery to attempt to show intentional and deliberate action on the part of Western Sugar. McKinnon’s claim may fail at the summary judgment stage if he fails through further discovery to establish sufficient evidence to support his allegations.
McKinnon v. Western Sugar Coop. Corp., 2010 MT 24, ¶ 20, 355 Mont. 120, 225 P.3d 1221 (emphasis added, citations omitted). If a party must neither plead nor prove his case, then we encourage litigants to withhold their evidence and potentially send every case to trial-one by ambush. The Court reasons that it is “premature” to conclude that Monroes could not meet their burden at trial, Opinion, ¶ 34, but it is precisely at the summary judgment stage when Monroes must demonstrate that evidence exists to support their claim, or face dismissal. They failed to do so.
¶65 I would affirm.
JUSTICE COTTER joins in the concurring and dissenting Opinion of JUSTICE RICE.

 I understand the Court’s opinion to reverse the District Court’s entry of summary judgment only on Monroes’ claim that Cogswell should have obtained higher liability limits. Based on that assumption, I address that claim only.