FILED

June 28 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0533

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 155

LEONARD (DUKE) BROWN,

      Plaintiff and Appellant,

  v.

YELLOWSTONE CLUB OPERATIONS, LLC,
a Montana limited liability company,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Madison, Cause No. DV 29-10-67
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John H. Tarlow (argued), Margaret C. Weamer; Tarlow, Stonecipher &
Steele, PLLC, Bozeman, Montana

      For Appellee:

          Steven J. Lehman (argued); Crowley Fleck PLLP, Billings, Montana

Argued: May 2, 2011
Submitted: May 10, 2011
Decided: June 28, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Leonard Brown appeals from the District Court's order dismissing his claim against the Yellowstone Club under the Wrongful Discharge from Employment Act. We reverse.

## BACKGROUND

¶2     Leonard Brown was hired by the Yellowstone Club as director of retail sales and rentals of ski-related goods. Brown and the Club entered an employment agreement that employed Brown for a term of three years. The agreement also provided that the Club (or Brown) could terminate Brown's employment at any time, without cause. After about six months, the Club terminated Brown's employment, without cause.

¶3     Brown brought an action for damages against the Club under the Wrongful Discharge from Employment Act, §§ 39-2-901 to -915, MCA. The District Court granted the Club's motion to dismiss the Wrongful Discharge action based upon § 39-2-912(2), MCA, which exempts from the Act an employee covered by a "written contract of employment for a specified term."

## STANDARD OF REVIEW

¶4     The District Court disposed of this case by granting the Club's motion to dismiss filed in response to the complaint. Upon a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and all allegations of fact are taken as true. S*netsinger v. Montana University System*, 2004 MT 390, ¶ 10, 325 Mont. 148, 104 P.3d 445. A complaint should not be dismissed for failure to state a claim unless it appears

2

beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. *McKinnon v. Western Sugar Co-Op.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d 1221. A district court's conclusions of law are reviewed to determine whether they are correct. *Snetsinger,* ¶ 11.

## DISCUSSION

¶5 The issue on appeal is whether Brown's employment contract with the Yellowstone Club was a "written contract of employment for a specified term" under the Wrongful Discharge from Employment Act, § 39-2-912(2), MCA.

¶6 The District Court disposed of this case on the Club's motion to dismiss for failure to state a claim, filed in response to the complaint. The record on appeal is therefore limited, but it appears that on October 28, 2009, Brown and the Club entered a "Confidential and Privileged Employment Agreement" under which Brown was hired to be its Director of Retail and Rental. The Agreement was to run from October 28, 2009 until September 30, 2012 "unless sooner terminated as provided for in this Agreement." Under the Agreement either party could terminate the employment "without cause" upon 30 days written notice. If the Club terminated the employment under that provision, the employee was entitled to three months base salary as severance pay, but only upon execution of a "valid and enforceable general release of claims in favor of the Company. . . . " The Club could also terminate the employment upon sale of the Club; expiration of the term of the Agreement; and for good cause. The Agreement defined seven categories of good cause, including failure to follow policies, fraud, embezzlement, and conviction of certain crimes.

3

¶7     On April 22, 2010, the Club terminated Brown's employment, with no stated cause, and offered a severance payment as provided in the Agreement. Brown refused to execute a release of claims and filed an action under the Wrongful Discharge from Employment Act.

¶8     The Act was enacted with the purpose to "set forth certain rights and remedies" of employers and employees, and provides the "exclusive remedy for a wrongful discharge from employment," § 39-2-902, MCA. The Act preempts all common law tort or contract remedies for wrongful discharge, § 39-2-913, MCA. After an employee completes a probationary period of employment the employee can only be discharged for good cause. Sections 39-2-903(5) and -904, MCA. Except for a probationary employee, Montana no longer recognizes the right of an employer to terminate an employee at will, for no cause. *Whidden v. John S. Nerison, Inc.*, 1999 MT 110, ¶ 21, 294 Mont. 346, 981 P.2d 271. However, the Act expressly does not apply to "an employee covered by . . . a written contract of employment for a specific term." Section 39-2-912(2), MCA.

¶9     The issue in this case is whether an employment contract for a specified term (here, three years) that also allows the employer to terminate the employee at will, for no cause, is a contract for a "specific term" under the exception provided in § 39-2-912, MCA. Neither the Act nor decisions from this Court provide any specific answer to this issue. The sole case cited by the District Court, *Tvedt v. Farmers Ins. Group*, 2004 MT 125, 321 Mont. 263, 91 P.3d 1, provides no assistance. The Court did not reach the Wrongful Discharge Act issues because of an issue of fact as to whether Tvedt was an employee or an independent contractor. The present case also does not involve the right

4

of an employer to not renew an employment contract which has expired. *See e.g. Solle v. Western States Ins. Agency*, 2000 MT 96, 299 Mont. 237, 999 P.2d 328; *Farris v. Hutchinson*, 254 Mont. 334, 838 P.2d 374 (1992).

¶10   While the present case involves solely the application of Montana law and particularly § 39-2-912, MCA, decisions from other jurisdictions have considered the effect of employment contracts containing both a definite term and the right to terminate at will. In *Cave Hill Corp. v. Hiers*, 570 S.E. 2d 790 (Va. 2002), the court held that the at-will termination right "trumped" the definite term of employment and that therefore the employee could be terminated at any time. In *Miranda v. Wesley Health System*, 949 So. 2d 63 (Miss. App. 2006), the court similarly held that an at-will provision in an employment contract for a term resulted in at-will employment.

> A contract for a stated term removes employment from the at-will doctrine only if there is an enforceable right for the employee to remain for that length of time. The period of time must be definite legally; it must be a promise and not just a goal. If what the contract gives in one provision for a set term is taken back in another for discharge at the sole discretion of the employer, there is a legally indefinite term of employment.

*Miranda*, ¶ 16. In New York, when an employment contract for a term includes a right of the employer to terminate at will, there is a judicially-imposed requirement that the employer must have good cause to terminate. *Carter v. Bradlee*, 280 N.Y.S. 368 (N.Y. App. 1935); *Rothenberg v. Lincoln Farm Camp*, 755 F.2d 1017 (2nd Cir. 1985).

¶11   The significance of these cases to the present issue is that they all conclude that the at-will provision of the contract "trumps" the definite employment term, so that such a contract is construed to not be one for a definite or specific term. We construe the

"specific term" language of § 39-2-912, MCA, the same way. If an employment contract for a specific term also allows the employer to terminate at will (after completion of the probationary period), it is not a "written contract for a specific term" under that statute. A discharged employee covered by such a contract is not excluded by § 39-2-912, MCA, from bringing a claim under the Wrongful Discharge from Employment Act.

¶12 Construing the employment agreement in this case as one for a specific term would remove the discharge from the Act; could effectively reinstate at-will employment in Montana, and would leave the discharged employee arguably without remedy. He would not be able to bring an action under the Act, and at the same time would be subject to the employer's contractual right to discharge at will. Such a result would be contrary to the weight of authority and would undermine the purposes of the Act.

¶13 The District Court is reversed and this case is remanded for further proceedings in accord with this opinion. We express no opinion on the merits of Brown's claim or on any defenses that the Club may have under the Act.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

6