DA 12-0341

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 306

SHANNON MARSDEN,

Plaintiff and Appellant,

v.

BLUE CROSS AND BLUE SHIELD
OF MONTANA, INC. (BCBSMT), a
health service corporation,

Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2012-260
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Linda M. Deola; Morrison, Motl & Sherwood, Helena, MT

For Appellee:

Michael F. McMahon; McMahon, Wall & Hubley, PLLC, Helena, MT
Elizabeth A. Kaleva, Kaleva Law Offices, Missoula, MT

Submitted on Briefs:  October 24, 2012
Decided:  December 28, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Shannon Marsden (Marsden) filed this action in which she alleges that Blue Cross Blue Shield of Montana (BCBSMT) wrongfully discharged her in violation of the Montana Wrongful Discharge from Employment Act (WDEA), §§ 39-2-901 to 39-2-915, MCA. BCBSMT sought to compel arbitration pursuant to an employment agreement that required arbitration of disputes. The District Court enforced the arbitration clause and transferred the matter to arbitration. Marsden appeals. We affirm.

¶2 Marsden raises the following issue on appeal:

¶3 *Whether Marsden must contest the validity of her employment contract through arbitration in the first instance.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶4 BCBSMT, a Montana non-profit corporation, signed an employment agreement with Marsden, a Montana resident, on September 17, 2010. The employment agreement contained a clause to compel arbitration for any disputes regarding the employment agreement. The employment agreement provided that Marsden would work from November 8, 2010, to December 31, 2012. Marsden served for approximately one year. BCBSMT terminated her employment in December 2011.

¶5 BCBSMT alleged that it terminated Marsden because she failed to submit a timely bid on behalf of BCBSMT in response to the State of Montana's Request for Proposals. Marsden claimed that BCBSMT terminated her in retaliation for her reporting of BCBSMT's allegedly illegal practice related to the rebating of insurance commissions. BCBSMT paid Marsden $328,478.10 when it terminated her. This money represented the remaining

2

compensation that BCBSMT believed that it owed Marsden for the balance of her two-year contract.

¶6      Marsden brought this action in which she claims that BCBSMT violated the WDEA. Marsden concedes that she could bring a WDEA claim only if she did not have a written contract of employment for a specific term.  Section 39-2-912, MCA.  Marsden argued, however, that the inclusion of a provision that allowed BCBSMT to terminate her employment if termination would be in the best interest of the company nullified the two-year term in her employment agreement.  Marsden claimed therefore that she had been employed at-will.

¶7      BCBSMT argued that whether Marsden had a term contract remained disputed and should have been resolved through arbitration.  The District Court compelled arbitration to allow the arbitrator to determine in the first instance whether Marsden had a term employment contract.  Marsden appeals.

### STANDARD OF REVIEW

¶8      We review de novo a district court's order to compel arbitration.  *Solle v. Western States Ins. Agency*, 2000 MT 96, ¶ 8, 299 Mont. 237, 999 P.2d 328.

### DISCUSSION

¶9      *Whether Marsden must contest the validity of her employment contract through arbitration in the first instance.*

¶10     Marsden's employment agreement included two clauses that permitted BCBSMT to terminate her employment before her two-year term expired.  The first clause, 8(d), provided

3

that BCBSMT's president and CEO could terminate Marsden if he believed that it would be in the best interest of BCBSMT. The second clause, 8(e), provided that Marsden could be terminated "for cause." The parties agree that BCBSMT terminated Marsden pursuant to 8(d), the "best interest of BCBSMT" clause.

¶11 Marsden argues that the "best interest of BCBSMT" clause essentially creates a "without cause" termination provision. Marsden further argues that this clause nullifies the two-year term contract and renders her an employee-at-will. Marsden argues that as an employee without a term-contract, she should be permitted to bring her WDEA claim.

¶12 To support her claim that Marsden did not have a term contract, Marsden points to the recent case *Brown v. Yellowstone Club Operations, LLC*, 2011 MT 155, 361 Mont. 124, 255 P.3d 205. Brown had an employment contract for a term of three years. The contract also contained a provision that permitted the Yellowstone Club to terminate Brown "without cause." This Court determined that the "without cause" provision "trumped" the definite employment term. Brown's contract did not qualify as a "written contract for a specific term" under WDEA due to the presence of these contradictory provisions. *Brown*, ¶ 11; § 39-2-912, MCA.

¶13 BCBSMT responds that whether Marsden's employment agreement was "for a specified term" remains disputed. Unlike the employment contract in *Brown*, Marsden's employment agreement did not have a clause that allowed termination "without cause." BCBSMT contends that it terminated Marsden's employment because she failed to submit a timely bid on behalf of BCBSMT to the State of Montana. BCBSMT argues that this action did not constitute termination "without cause." BCBSMT further argues that pursuant to the

4

arbitration clause in the employment agreement, an arbitrator, rather than a court, should interpret the employment agreement to resolve this dispute.

¶14     We first must determine whether the parties agreed to arbitrate this dispute. *State ex rel. Bullock v. Philip Morris, Inc.*, 2009 MT 261, ¶ 15, 352 Mont. 30, 217 P.3d 475. Arbitration involves a matter of contract. *Bullock*, ¶ 15. A party cannot be forced to arbitrate a dispute that it has not agreed to submit to arbitration. *Bullock*, ¶ 15. A court generally should apply ordinary state-law principles that govern the formation of contracts when deciding whether the parties agreed to arbitrate a matter. *Bullock*, ¶ 15; *Solle*, ¶ 23.

¶15     Marsden's employment agreement provided that the parties would submit to arbitration "any disputes" arising out of "any of the terms or provisions of this Agreement." The parties dispute whether Marsden had a set-term employment contract or whether she served as an employee at-will. This dispute implicates the terms or provisions of the employment agreement. The parties contracted to resolve any disputes over terms or provisions of the employment agreement through arbitration. We agree with the District Court that an arbitrator should decide, in the first instance, whether Marsden was an at-will employee or whether she had a term contract. *Bullock*, ¶ 15; *Solle*, ¶¶ 27-29. The arbitrator's determination will resolve whether Marsden can pursue her WDEA claim.

¶16     Affirmed.

/S/ BRIAN MORRIS

5

We Concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE