FILED

08/30/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0390

DA 21-0390

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 171N

RANDY LAEDEKE,

      Plaintiff and Appellant,

DARLA PRENN, and THE ESTATE OF LILA M. LAEDEKE,

      Plaintiffs,

    v.

BILLINGS CLINIC,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV-18-0323
                    Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Randy S. Laedeke, Self-represented, Billings, Montana

      For Appellee:

      Julie A. Lichte, Crowley Fleck, PLLP, Bozeman, Montana

Submitted on Briefs:  July 27, 2022

Decided:  August 30, 2022

Filed:

                    _____
                               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Plaintiff and Appellant Randy Laedeke (Randy) appeals from the May 21, 2021 Order Granting Defendant's 12(b)(6) Motion to Dismiss issued by the Thirteenth Judicial District Court, Yellowstone County.  The District Court's order dismissed the March 5, 2018 Complaint filed by Randy and Darla Prenn (Darla), on behalf of themselves and the Estate of Lila M. Laedeke, after determining it was not filed until after the relevant statute of limitations period had expired.[1]  We affirm.

¶3     In February 2014, Lila M. Laedeke, Randy and Darla's mother, underwent a partial toe amputation at Billings Clinic.  Lila was discharged from the hospital on February 13, 2014, approximately a week after her surgery.  Two days later, on February 15, 2014, Lila died.  An autopsy was performed by Dr. Thomas Bennett on February 16, 2014.

---

[1] Randy, in his notice of appeal, asserted he was appealing "on behalf of himself, Darla Prenn, and [the Estate of Lila] Laedeke."  Randy is not a licensed attorney and has no authority to prosecute an appeal on behalf of either Darla or Lila's estate. *See In re Estate of Elliot*, No. DA 21-0343, Order (Mont. Mar. 1, 2022).  As such, Randy is the only appellant in this case.  Therefore, we have amended the caption of this case to "more accurately reflect the actual alignment or status" of the parties.  M. R. App. P. 2(4).

Dr. Bennett issued his report on February 25, 2014. Dr. Bennett listed Lila's probable cause of death as "[h]ypertensive and atherosclerotic cardiovascular disease."

¶4 On February 16-17, 2017, Randy faxed a request for review to the Montana Medical Legal Panel (MMLP). In his request for review, Randy alleged Billings Clinic failed to diagnose and treat Lila's heart disease, which resulted in her death shortly after she was discharged from the hospital. Randy alleged the "condition was not known to Randy Laedeke or his siblings until after Dr. Bennett performed his examination and submission of his preliminary report on or about February 25, 201[4]." On March 3, 2017, Randy was appointed co-personal representative of Lila's estate in informal probate proceedings. On April 3, 2017, the MMLP filed Randy's completed Application for Review of Claim, which he had originally signed on February 16, 2017, as the "CLAIMANT'S PR[.]"

¶5 The MMLP issued its decision on February 1, 2018. Randy and Darla thereafter filed their Complaint in the District Court on March 5, 2018.[2] A summons was issued on March 3, 2021, and served on Billings Clinic on March 5, 2021. On March 23, 2021, Billings Clinic filed a motion to dismiss, pursuant to M. R. Civ. P. 12(b)(6), asserting Randy and Darla's complaint was both barred by the statute of limitations and was not timely served. On April 30, 2021, after several extensions, Randy filed a response to the motion to dismiss, asserting the statute of limitations was tolled until he received certain medical records and documentation from Billings Clinic in April 2017 and that the

---

[2] This was the only document signed by Darla in the case.

complaint was timely served on Billings Clinic. Billings Clinic filed a reply brief in support of its motion to dismiss on May 14, 2021. On May 21, 2021, the District Court issued its Order Granting Defendant's 12(b)(6) Motion to Dismiss. The court found Randy and Darla's complaint was barred by the statute of limitations and did not address Billings Clinic's alternative argument regarding the timeliness of service.

¶6 Randy appeals. We address the following restated issue on appeal: whether the District Court erred by granting Billings Clinic's M. R. Civ. P. 12(b)(6) motion to dismiss.

¶7 We review a district court's ruling on a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6) de novo. *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 7, 390 Mont. 12, 407 P.3d 692. We construe a complaint in the light most favorable to the plaintiffs when reviewing an order dismissing a complaint under M. R. Civ. P. 12(b)(6). *McKinnon v. Western Sugar Coop. Corp.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d 1221 (citing *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247).

¶8 The District Court dismissed Randy and Darla's Complaint after it determined the complaint was filed beyond the statute of limitations deadline and Randy's February 2017 request for review with the MMLP was insufficient to toll the statute of limitations. On appeal, Randy again asserts the statute of limitations was tolled until he received certain medical records and documentation from Billings Clinic in April 2017. We agree with the District Court that Randy's February 2017 MMLP filing was insufficient to toll the statute

4

of limitations, and therefore Randy and Darla's Complaint was barred by the statute of limitations.

¶9      Lila died in 2014, when the statute of limitations for medical malpractice actions was three years. Section 27-2-205(1), MCA (2013). According to Randy and Darla's complaint, they received Dr. Bennett's report "indicating the cause of injury and death" on February 25, 2014. They therefore needed to initiate their malpractice action no later than February 27, 2017. A malpractice claimant must complete the MMLP administrative process before pursuing a medical malpractice claim in district court. *Selensky-Foust v. Mercer*, 2022 MT 97, ¶ 4 n.3, 408 Mont. 488, 510 P.3d 78 (citing §§ 27-6-606(1), -701, and -704, MCA). The medical malpractice statute of limitations is "tolled upon receipt . . . of the application for review" and does not begin running again "until 30 days after either an order of dismissal, with or without prejudice against refiling, is issued from the panel presiding officer, or from the director upon the consent of the parties to the claim, or after the panel's final decision, whichever occurs first, is entered in the permanent files of the panel and a copy is served upon the complainant or the complainant's attorney if represented by counsel, by certified mail." Section 27-6-702, MCA.

¶10     "The director [of the MMLP], in consultation with the state bar of Montana and subject to approval of the supreme court, is authorized to adopt and publish rules of procedure necessary to implement and carry out the duties of the medical review panel." Section 27-6-204, MCA. On May 7, 2013, the latest revisions to the Rules of Procedure for the MMLP were approved and adopted. *In re Rules of Procedure of the Montana*

5

*Medical Legal Panel*, No. AF 13-0027, Order (Mont. May 7, 2013). Relevant here, Rule 6(h) of the MMLP Rules provides that "[a]n Application made by a Claimant who is not also the Patient will not be considered complete and will not be transmitted until that legal documentation is provided to the office of the Director showing that the Claimant is the legally authorized representative of the Patient."

¶11 On February 16-17, 2017, when Randy first faxed his request to the MMLP, he was not Lila's legally authorized representative as he did not receive his Letters in the probate matter until March 3, 2017. As such, Randy's February 2017 application for review was deficient and ultimately not completed and transmitted to the MMLP until April 3, 2017. Because Randy lacked authority to bring an action before the MMLP on Lila's behalf until March 3, 2017, at the earliest, his February 16-17 requests do not toll the applicable statute of limitations. As, under the statute of limitations provided by § 27-2-201(1), MCA (2013), the MMLP process needed to be initiated by February 27, 2017, at the latest, Randy's April 3, 2017 filing at the MMLP was too late and his subsequent filing in the District Court, following the MMLP's decision in 2018, was barred by the statute of limitations.

¶12 The District Court correctly determined Randy and Darla's Complaint was filed after the statute of limitations for their claim had expired and dismissed the case pursuant to M. R. Civ. P. 12(b)(6). As this issue is dispositive, we need not address Billings Clinic's alternative argument regarding the service of the Complaint.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR